Exhibit A

# SUMMONS

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

DIANA MEY,

       **Plaintiff,**

v.                                       Civil Action No. _____

**CASTLE LAW GROUP, PC,**
**A Tennessee Corporation;**
**JUDSON PHILLIPS, ESQ.,**
**an individual; and**
**BRUYETTE AND ASSOCIATES, LLC,**
**A Florida Corporation;**

       **Defendants.**

TO THE ABOVE NAMED DEFENDANT:     Judson Phillips, Esq.
                                            1113 Murfreesboro Road, # 106-418
                                            Franklin, TN 37064

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon plaintiff's counsel, **John W. Barrett, Jonathan R. Marshall. Sharon F. Iskra,** and **Bailey & Glasser, LLP, 209 Capitol Street, Charleston West Virginia,** an Answer you may have to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer to the Complaint within twenty (20) days after service of this summons upon you and, exclusive of the date of service. If you fail to do so, judgment by default will be taken for the relief demanded in the Complaint and you will thereafter be barred from asserting in another action any claim you may have which may be asserted in the above-styled action.

DATED:                               CLERK OF COURT:

*January 24, 2019*                      *Brenda L. Miller*



# SUMMONS

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

DIANA MEY,

        Plaintiff,

v.

                                        Civil Action No. _19-C-31_

**CASTLE LAW GROUP, PC,**
A Tennessee Corporation;
**JUDSON PHILLIPS, ESQ.,**
an individual; and
**BRUYETTE AND ASSOCIATES, LLC,**
A Florida Corporation;

        Defendants.

**TO THE ABOVE NAMED DEFENDANT:**    **Bruyette & Associates LLC**
                                                **6607 A Hiddenwalk Drive # 39**
                                                  **Winterpark, FL 32792**

        IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon plaintiff's counsel, **John W. Barrett, Jonathan R. Marshall. Sharon F. Iskra,** and **Bailey & Glasser, LLP, 209 Capitol Street, Charleston West Virginia,** an Answer you may have to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer to the Complaint within twenty (20) days after service of this summons upon you and, exclusive of the date of service. If you fail to do so, judgment by default will be taken for the relief demanded in the Complaint and you will thereafter be barred from asserting in another action any claim you may have which may be asserted in the above-styled action.

DATED:                          CLERK OF COURT:

_January 29, 2019_               _Brenda L. Miller_

# SUMMONS

### IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

**DIANA MEY,**

        **Plaintiff,**

**v.**                                        Civil Action No. _19 - C - 31_

**CASTLE LAW GROUP, PC,**                                  _Judge Bleyasz_
**A Tennessee Corporation;**
**JUDSON PHILLIPS, ESQ.,**
**an individual; and**
**BRUYETTE AND ASSOCIATES, LLC,**
**A Florida Corporation;**

        **Defendants.**

**TO THE ABOVE NAMED DEFENDANT:**        **Castle Law Group, PC**
                                              **2 International Plaza # 900**
                                              **Nashville TN 37217**

        IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon plaintiff's counsel, **John W. Barrett, Jonathan R. Marshall. Sharon F. Iskra,** and **Bailey & Glasser, LLP, 209 Capitol Street, Charleston West Virginia,** an Answer you may have to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer to the Complaint within twenty (20) days after service of this summons upon you and, exclusive of the date of service. If you fail to do so, judgment by default will be taken for the relief demanded in the Complaint and you will thereafter be barred from asserting in another action any claim you may have which may be asserted in the above-styled action.

DATED:                              CLERK OF COURT:

_January 24, 2019_                    _Brenda L. Miller_



## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

**DIANA MEY,**

       **Plaintiff,**

**v.**

       Civil Action No. 19-C-31

       *Judge Oleper*

**CASTLE LAW GROUP, PC,**
**A Tennessee Corporation;**
**JUDSON PHILLIPS, ESQ.,**
**an individual; and**
**BRUYETTE AND ASSOCIATES, LLC,**
**A Florida Corporation;**

       **Defendants.**

## COMPLAINT

### PARTIES

1.      The Plaintiff, Diana Mey, is a resident and citizen of Ohio County, West Virginia.

2.      Defendant, Castle Law Group, PC, is a Tennessee corporation transacting business in the State of West Virginia.

3.      Defendant, Judson Phillips, Esq., is a resident and citizen of Tennessee.

4.      Bruyette and Associates, LLC, is a Florida corporation transacting business in the State of West Virginia.

### JURISDICTION AND VENUE

5.      Venue is proper in this Court pursuant to W.Va. Code § 56-1-1 because the acts complained of herein transpired in Ohio County, West Virginia where Defendants transacted business.

6.      Jurisdiction is proper in this Court pursuant to W.Va. Code § 51-2-2, as the amount in controversy exceeds $2,500.00.

1

FACTS

7.      Phone agents of Defendants, or agents acting on their behalves and for their benefit, make calls to consumers using auto-dialers, pre-recorded messages, and live agents in order to sell debt relief through lower interest rates on credit cards. In so doing, Defendants make a profit.

8.      Upon information and belief, Defendant Castle Law Group PC ("Castle Law") has been known as or has done business under the name Tristar Consumer Law, PC, or is the successor to that entity, as will be uncovered through discovery.

9.      Upon information and belief, Defendant Bruyette and Associates, LLC was a lead call generator for Tristar Consumer Law, PC, now known as Defendant Castle Law.

10.     Upon information and belief, Defendant Castle Law and/or Judson Phillips, Esq. frequently change corporate affiliations and create sham entities to avoid liability for telemarketing infractions such as those alleged herein; and may variously have operated as Tristar Consumer Law, Tristar Consumer Group, Tristar Consumer Consultants, Tristar Consumer Law PC, and possibly other names.

11.     Defendant Judson Phillips, Esq. is the principal of Defendant Castle Law, and upon information and belief is affiliated with other defendants herein named.

12.     Plaintiff has never given any of Defendants or their agents express written consent to call her, nor does she have an established business relationship with any of them.

13.     Between the dates of March 6, 2018 and June 25, 2018, Defendants and/or their agents transmitted approximately 25 calls to Ms. Mey's wireless phones to try to sell their goods or services.

14.     During these calls, agents represented that they were affiliated with Defendants herein, Tristar Consumer Law, Tristar Consumer Group and Bruyette & Associates, as well as other entities believed to be affiliated with Defendants as stated above.

15.     Plaintiff's wireless numbers have been registered on the federal Do Not Call List for over a decade.

16.     On March 6, 2018, Defendants' agent, "Tom Garden", called Plaintiff and stated that due to her excellent credit card payment history, she was preapproved to have the interest rate lowered on her credit card account. "Tom Garden" represented that he was from Tristar Consumer Law.

17.     When Ms. Mey asked how Mr. Garden knew her payment history, he falsely represented that he was associated with Citicard, her credit card company.

18.     Plaintiff was annoyed by this call and the misrepresentations, and sought to conclusively identify the caller and the company by engaging in the qualification/application process.

19.     Mr. Garden took Plaintiff's credit card number, advised Plaintiff that she was approved for $22,282.00 in credit, and stated that his company's fee would be $4,698.00.

20.     Mr. Garden indicated that he was the qualification officer for the law firm, and that the law firm would call her "right back."

21.     Within the hour, an agent named "Joseph" called Plaintiff and represented that he was from Tristar Consumer Group, whom he stated was "the processing company" for Tristar Consumer Law.

22.     When Plaintiff inquired as to whether Joseph's company was associated with Mr. Garden's company, "Joseph" indicated that Mr. Garden had called from Bruyette & Associates (Defendant herein), whom he said supplied leads to Tristar Consumer Group.

23.     When Plaintiff asked for Bruyette & Associates' phone number, she was transferred to a different agent, who not only declined to give the number, but became belligerent and hung up on Plaintiff as Plaintiff was making request for the company Do Not Call policy.

24.     Within the hour, Mr. Garden called Plaintiff three more times, asking what had happened.  Mr. Garden again represented that he was calling on behalf of Tristar, "a law firm." Plaintiff asked that the agents stop calling her.

25.     However, on a later date, Mr. Garden called again and represented that his company was "Tristar Consumer Consultants" calling with regard to a debt validation program. Plaintiff again asked that the agents stop calling her.

26.     On May 1, 2018, Plaintiff received a prerecorded call from Defendants.  As directed, Plaintiff pressed 1 to speak to a live representative and was eventually connected with agent "Justin Staples". Mr. Staples said he was affiliated with "Supreme Interest Rates", a company purportedly within "GBD Wealth Management," whose website was gbdwealthmanagement.com.

27.     Upon information and belief, Supreme Interest Rates was a lead generator for Tristar Consumer Law, believed to be either a predecessor to Castle Law or an entity created by either of them as a sham company and liability shield.

28.     Within moments of this call, Plaintiff received emails from several banks confirming that online applications had been submitted in her name.

4

29.     During a follow up call, Mr. Staples told Plaintiff that she would receive cards from 4 banks in the mail, and that once she selected a card, Defendants would transfer her balance to one of the cards.

30.     On May 7, 2018, Plaintiff received a call from an agent "Daniel Alex" who recited details of her call information from the May 1, 2018 call and said he was her "account and verification officer."

31.     Over the next hour and a half on May 7, 2018, Defendants' agents phoned Plaintiff two more times.

32.     Subsequently, on May 7, 2018, Defendants' agent acting under the name Tristar Consumer Law placed another call to Plaintiff and confirmed that Tristar worked with Supreme Interest Rates who "sends them leads". Plaintiff made a request for the Do Not Call policy, and asked that the agents not call her again. The agent hung up on Plaintiff.

33.     Twenty minutes later on May 7, 2018, Daniel Alex called to ask what went wrong during her call with Tristar.  Plaintiff said she wanted to know the name of his company.  When Mr. Alex continued to insisted he was with card services, Plaintiff hung up.

34.     Approximately 10-15 minutes later, Mr. Alex called back in retaliation for Plaintiff's termination of the prior call. Plaintiff said "hello", but Mr. Alex sat in silence, eventually hanging up on Plaintiff.

35.     Two minutes later, Mr. Alex called Plaintiff again, and repeated his silence as before, eventually hanging up on Plaintiff.

36.     On May 15, 2018, an agent "Breanna" with Supreme Interest Rates called Plaintiff and attempted to sell similar goods and services, specifically referring to Plaintiff's previous calls with Justin Staples.

37.     Plaintiff declined to give her information and asked for additional information concerning the calling company. "Breanna" or her supervisor then sent an email from lexmarc.com and said they were affiliated with the international UK company found at gbdwealthmangement.com.

38.     Breanna's supervisor, "Christian", then phoned Plaintiff and represented he was with Discount Rates. When Plaintiff stated that she thought the company was Supreme Interest Rates, "Christian" said he was in the "discount rate department". Plaintiff asked that the agents not call her again and that they send her a copy of the Do Not Call policy.

39.     The fraud department of Plaintiff's credit card company called to alert her that within minutes of Breanna's call, someone tried to access Plaintiff's account. Plaintiff cancelled her card in order to protect the account.

40.     On June 25, 2018, agents from Bruyette & Associates emailed Plaintiff "New Client Documents" for "Unsecured Debt Validation" through TriStar Consumer Law, PC, and requested her signature on same. These included an Engagement Agreement between Plaintiff and TriStar Consumer Law PC, and a credit card authorization form purporting to pay $2,083.00 to TriStar for services.

41.     During the course of these and other calls, Plaintiff asked Defendants/their agents on at least nine separate occasions to stop calling her.

42.     Plaintiff requested Defendants' Do Not Call policy on multiple separate calls, to no avail.

43.     Throughout these calls, Defendants and/or their agents variously represented that they were affiliated with Citicard, Supreme Interest Rates of America, Tristar Consumer Law, Tristar Consumer Law, PC, Tristar Consumer Group, Bruyette & Associates, GBD Wealth

6

Management, lexmarc.com, card services, and Discount Rate; and on several occasions, failed to identify their company at all.

44.    These representations were confusing and misleading as to the caller's identity.

45.    Defendants placed other calls to Plaintiff during this time frame which were autodialed and/or prerecorded.

46.    Upon information and belief, the acts complained of herein were either the direct acts of Defendants or the acts of agents authorized to act on their behalves.

47.    As such, Defendants are directly liable as to all Counts ascribed herein.

48.    In the alternative, the acts complained of herein were carried out by agents operating for Defendants' benefit, or with actual, implied or apparent authority of Defendants, such that Defendants are vicariously liable as to all Counts ascribed herein.

49.    In the alternative, Defendants ratified or accepted the benefits of the acts of their agents as described herein, and are therefore jointly and severally liable as to all Counts ascribed herein.

## COUNT I: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

50.    The preceding paragraphs are incorporated by reference herein as if set forth in their entirety.

51.    Defendants violated the TCPA, either directly or through the actions of others, by initiating calls to Plaintiff's cellular telephone line using an automatic telephone dialing system. *See* 47 U.S.C. § 227(b)(1)(A).

52.    Defendants violated the TCPA, either directly or through the actions of others, by initiating calls to Plaintiff's residential line using an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(B).

7

53.     Defendants violated the TCPA, either directly or through the actions of others, by initiating more than one telephone call to Plaintiff in a twelve-month period while her number was on the National Do Not Call registry. *See* 47 U.S.C. § 227(c).

54.     Defendants violated the TCPA, either directly or through the actions of others, by failing to clearly identify themselves during their calls with Plaintiff. *See* 47 C.F.R. § 64.1200 (d) (4).

55.     Defendants violated the TCPA, either directly or through the actions of others, by failing to produce their Do Not Call policies when requested by Plaintiff. *See* 47 C.F.R. § 64.1200 (d) (1).

56.     Each of Defendants' actions, or those of agents operating on their behalves, were done willfully or knowingly.

WHEREFORE, Plaintiff demands from Defendants injunctive relief, statutory penalties and damages as provided by law in the amount of $1,500 per violation, prejudgment and postjudgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

### COUNT II: VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT ("WVCCPA")

57.     The preceding paragraphs are incorporated by reference herein as if set forth in their entirety.

58.     Defendants and/or their agents are telemarketers as defined by W.Va. Code § 46A-6F-113.

59.     Plaintiff, Diana Mey, is a consumer or purchaser as defined by W.Va. Code § 46A-6F-103.

8

60.     Defendants and/or their telemarketing agents sought to sell consumer goods or services to Plaintiff as defined by W.Va. Code § 46A-6F-104, § 46A-1-102 (47)(c).

61.     Defendants and/or their agents phoned Ms. Mey with the purpose of making telemarketing solicitations as defined by W.Va. Code § 46A-6F-112.

62.     Defendants' and/or their agents' conduct as described above was unfair or deceptive and was likely to create confusion or misunderstanding to any reasonable consumer as proscribed by W.Va. Code § 46A-6F-501(a)(5), and did create such confusion and misunderstanding by Plaintiff.

63.     This conduct constitutes unfair methods of competition and unfair or deceptive acts or practices by telemarketers in violation of W.Va. Code § 46A-6F-501(a)(8), § 46A-6-102(f) and § 46A-6-104, and Defendants are liable for each infraction.

64.     Accordingly, Plaintiff is entitled to the penalties set forth in W.Va. Code § 46A-6F-502 in an amount determined by the court of not less than one hundred dollars nor more than three thousand dollars per violation of these provisions.

65.     Additionally, Defendants committed abusive acts or practices as defined by W.Va. Code §46A-6F-601(a)(1) because their agents threatened or intimidated Plaintiff with their serial retaliatory calls, rude calls, and hang ups.

66.     Defendants committed abusive acts or practices as defined by W.Va. Code §46A-6F-601(a)(2) because their agents engaged Plaintiff repeatedly or continuously with behavior a reasonable person would deem to be annoying, abusive, or harassing.

67.     Defendants committed abusive acts or practices as defined by W.Va. Code §46A-6F-601(a)(3) because their agents initiated outbound telephone calls to Plaintiff when Plaintiff previously stated that she did not wish to receive outbound calls from them or on their behalves.

9

68.     Defendants committed abusive acts or practices as defined by W.Va. Code §46A-6F-601(a)(5) because their agents engaged in other conduct which would be considered abusive to any reasonable consumer.

69.     Each of Defendants' actions, or those of agents operating on their behalves, were done willfully or knowingly.

70.     Accordingly, Plaintiff is entitled to relief from Defendants, jointly and severally, as prescribed by W.Va. Code § 46A-6F-701, including actual damages and a penalty in an amount to be determined by the court of not less than one hundred dollars and not more than three thousand dollars per violation.

71.     Plaintiff is further entitled to an adjustment for inflation on any award of damages as provided by W.Va. Code § 46A-6F-701(e).

72.     Plaintiff is entitled to, and reserves unto herself, all other remedies provided by law according to W.Va. Code § 46A-6F-702.

WHEREFORE, Plaintiff demands from Defendants injunctive relief, statutory penalties and damages as provided by law, compensatory and punitive damages in an amount to be determined by a jury, prejudgment and postjudgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

<u>COUNT III:  THE WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT "WVCCAA"</u>

73.     The preceding paragraphs are incorporated by reference as if set forth in their entirety herein.

74.     Plaintiff is a "person" as defined by The West Virginia Computer Crime and Abuse Act, W.Va. Code § 61-3C-3(n) as Plaintiff is a "natural person."

75.     Defendant Judson Phillips, Esq. is a "person" as defined by The West Virginia Computer Crime and Abuse Act, W.Va. Code § 61-3C-3(n) as Defendant is a "natural person."

76.     Defendants Castle Law and Bruyette & Associates, LLC are each "person[s]" as defined by W.Va. Code § 61-3C-3(n) because each is a "limited partnership, trust association or corporation."

77.     In calling Plaintiff, Defendants and/or their agents used an "electronic communication device" as defined by W.Va. Code § 61-3C-14(a) to make the calls described herein.

78.     Under the West Virginia Computer Crime and Abuse Act, W.Va. Code § 61-3C-1(a)(1), it is unlawful for any person, with the intent to harass or abuse another person, to use a computer, mobile phone, personal digital assistant or other electronic communication device to contact another without disclosing his or her identity with the intent to harass or abuse.

79.     Under the West Virginia Computer Crime and Abuse Act, W.Va. Code § 61-3C-1(a)(2), it is unlawful for any person, with the intent to harass or abuse another person, to use a computer, mobile phone, personal digital assistant or other electronic communication device to contact a person after being requested by the person to desist from contacting them.

80.     Defendants, or those acting on their behalves and for their benefit, violated each of the above provisions by making the calls described above, separately and collectively.

81.     Each of Defendants' actions, or those of agents operating on their behalves, were done willfully or knowingly.

82.     As a direct and proximate result of Defendant's conduct and the violation(s) of said provisions, Plaintiff was injured in and about her person or property; has been annoyed, inconvenienced, upset, angered and has suffered indignation and severe emotional distress.

83.    Plaintiff is entitled to civil relief for these injuries including compensatory and punitive damages and other relief as the court deems appropriate, as articulated in W.Va. Code § 61-3C-16(a).

WHEREFORE, Plaintiff demands from Defendants injunctive relief, statutory penalties and damages as provided by law, compensatory and punitive damages in an amount to be determined by a jury, prejudgment and postjudgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

84.    The preceding paragraphs are incorporated by reference as if set forth in their entirety herein.

85.    In threatening and intimidating Plaintiff, harassing her with serial and repeated phone calls despite her multiple requests not to be called, hanging up on Plaintiff, and subjecting Plaintiff to other exceedingly rude behavior, Defendants, by and through their agents, engaged in conduct that was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

86.    Defendants, by and through their agents, acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from their conduct.

87.    The actions of Defendants, by and through their agents, caused Plaintiff to suffer severe emotional distress.

88.    The emotional distress suffered by Plaintiff as a result of Defendants' actions and/or those of their agents was so severe that no reasonable person could be expected to endure it.

WHEREFORE, Plaintiff demands injunctive relief, compensatory and punitive damages of Defendants in an amount to be determined by a jury, together with prejudgment and postjudgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

## COUNT V: VIOLATIONS OF THE WEST VIRGINIA UNFAIR OR DECEPTIVE TRADE PRACTICES ACT, W.VA. CODE § 46A-6-104

89.    The preceding paragraphs are incorporated by reference as if set forth in their entirety herein.

90.    By the conduct described above, Defendants engaged in unfair or deceptive acts or practices in violation of W.Va. Code § 46A-6-104.

91.    Specifically, Defendants' unfair and deceptive acts or practices included the following as defined in W.Va. Code § 46A-6-102:

      A.    Passing off goods or services as those of another in violation of § 46A-6-102(7)(A);

      B.    Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services in violation of § 46A-6-102(7)(B);

      C.    Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another in violation of § 46A-6-102(7)(C);

13

D.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have in violation of § 46A-6-102(7)(E);

E.    Engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding in violation of § 46A-6-102(7)(L);

F.    Using any deception, fraud, false pretense, false promise or misrepresentation, or concealing, suppressing or omitting any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby in violation of § 46A-6-102(7)(M);

G.    In such other ways as may become apparent through further investigation and discovery.

94.    As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered actual out-of-pocket losses, including but not limited to unwanted charges to her cellular phone.

95.    Prior to filing this Complaint, Plaintiff sent Defendants notification in writing by certified mail, return receipt requested, of these alleged violations and provided them twenty days from receipt of such notice to make a cure offer.

WHEREFORE, Plaintiff demands injunctive relief, statutory penalties for each violation, compensatory and punitive damages of Defendants in an amount to be determined by a jury,

14

together with prejudgment and postjudgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

DIANA MEY,

By Counsel,

John W. Barrett, Esq (WV Bar #7289)
Jonathan R. Marshall, Esq. (WV Bar #10580)
Sharon F. Iskra, Esq (WV Bar # 6582)
**BAILEY GLASSER, LLP**
209 Capitol Street
Charleston, WV 25301
Telephone:  304-345-6555
Facsimile:  304-342-1110
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com

15

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

DIANA MEY,

      Plaintiff,

v.                                Civil Action No. _____

CASTLE LAW GROUP, PC,
A Tennessee Corporation;
JUDSON PHILLIPS, ESQ.,
an individual; and
BRUYETTE AND ASSOCIATES, LLC,
A Florida Corporation;

      Defendants.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANTS, JUDSON PHILLIPS, ESQ., CASTLE LAW GROUP, PC, AND BRUYETTE & ASSOCIATES, LLC

Plaintiff Diana Mey requests that Defendants Judson Phillips, Esq., Castle Law Group, PC, and Bruyette & Associates, LLC respond to the following requests. Throughout this request, the following instructions and definitions apply:

1.      Unless otherwise states, all definitions should be taken from West Virginia Rule of Civil Procedure 26, and if not included therein, should be responded to according to their ordinary meaning.

2.      Unless otherwise specified in a particular paragraph, the time period covered by this request is four years prior to the filing of the Complaint in this action through the time that the response is provided.

3.      If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances

1

surrounding the disposition of the document.

4.     All requests are also directed to all parent, related, affiliate and subsidiary companies of defendant, to the greatest extent permissible under the discovery rules. Moreover, defendant is to make transparent, best efforts to obtain materials from third parties such as vendors, which are within their "possession, custody or control" as those terms appear in West Virginia Rule of Civil Procedure 34.

5.     "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

6.     "WVCCPA" means the West Virginia Consumer Credit and Protection Act, W.Va. Code § 46A-1-101 et seq. and specifically Article 6F therein pertaining to Telemarketing.

7.     To the extent any paragraph is objected to, please set forth all reasons for your objection.

8.     If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

9.     The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

10.     To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

11.     "And" and "or" shall be interpreted to mean "and/or," so that said terms are given

their broadest possible meaning.

      12.    "Plaintiff's numbers" or "calls to Plaintiff" shall include specifically calls to (304) 281-9200, (304) 242-7346, (304) 280-1607, and (304) 905-4842.

### Requests for Production of Documents

**Request No. 1:**    All documents that relate to Plaintiff, Plaintiff's numbers, and/or calls to Plaintiff, including but not limited to call logs, call records, transcripts, recordings, emails, texts, applications, data compilations, and/or correspondence.

**Request No. 2:**    All documents sent to or received from the FTC, any State Attorney General, or other government or regulatory entity, relating to allegations of unlawful phone calls or telemarketing by you or those acting on your behalf or for your benefit, including but not limited to letters, citations, cease and desist orders, penalties, or reprimands of any kind.

**Response:**

**Request No. 3:**    All complaints and documents relating to complaints (formal or informal) made to you, or to any individual or entity acting on your behalf or for your benefit, relating to telephone calls.

**Response:**

**Request No. 4:**    All documents reflecting your responses to complaints regarding phone calls made by you or any individual or entity acting on your behalf or for your benefit.

**Response:**

**Request No. 5:**      All documents reflecting investigations conducted by you (including any internal investigations, as well as investigations of those acting on your behalf or for your benefit) pertaining to complaints alleging violations of federal or state telemarketing laws or regulations, including emails, texts, or any form of ESI.

**Response:**

**Request No. 6:**      All legal demand letters, informal complaints, formal lawsuits, and all documents reflecting government enforcement actions, audits or investigations brought against you or any individual or entity acting on your behalf or for your benefit relating to telephone calls.

/ **Response:**

**Request No. 7:**      All documents referred to in, identified in, or relied upon to provide part or all of the basis for your responses to any Interrogatory propounded by the Plaintiff.

**Response:**

**Request No. 8:**      All documents (including but not limited to corporate filings, articles of organization, contracts, agreements, letters, arrangements, organizational charts, or other writings, including correspondence) that reflect (a) your organizational structure, and (b) the relationship among you and each of the following:  Castle Law Group, PC;  Bruyette and Associates, LLC; Tristar Consumer Group; Music City Ventures; Tristar Consumer Law PC;

4

Tristar Consumer Consultants; Supreme Interest Rates; GBD Wealth Management; Discount Rates; Supreme Interest Rates of America; lexmarc.com; card services; Discount Rate; Castle Marketing Group, LLC; Castle Venture Group, LLC; Worthington Holdings, LLC; God Cloud, LLC; Advisant, Inc.; Kryptobit, LLC; Instant Merchant Group, LLC; Exxogear, LLC; William Michael Keever; Sean Austin; Kim Grace; Ashley Keever; Donald Richard Ferguson, Esq., or any other entity or individual affiliated with or having business dealings with any defendant herein from 2009-present.

**Response:**

**Request No. 9:**    All documents relating to the equipment, software, or platform used to make the telephone calls identified in response to Request for Production No. 1. This includes, but is not limited to manuals, instructions, or correspondence regarding the equipment.

**Response:**

**Request No. 10:**    All documents that identify the source(s) of telephone numbers your company or your agents obtained for the purposes of telemarketing, and all communications, contracts, or other documents exchanged with that source.

**Response:**

**Request No. 11:**    All documents that support any of the affirmative defenses asserted in your Answer. This includes, but is not limited to, any assertion that the recipients of your telephone calls provided their prior express consent to receive such calls.

**Response:**

**Request No. 12:**     All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence discussing, accepting or declining coverage or reserving rights with respect thereto.

**Response:**


**Request No. 13:**     All documents received from third parties that relate to this case, without regard to time. Responsive materials would include, for example, responses to subpoenas.

**Response:**


**Request No. 14:**     A copy of your Do Not Call policy and procedures in effect at the time of the calls alleged herein, any other documents reflective of training, enforcement, or disciplinary action relating to violations thereof; and all documents evidencing your efforts to comply with federal and state telemarketing laws.

**Response:**


**Request No. 16:**     All contracts, agreements, correspondence or other documents exchanged between you (including your agents or affiliates) and other entities (including but not limited to credit card companies) relating to the telemarketing or sale of debt relief, lower interest rates or credit card services.

**Response:**

6

**Request No. 17:**     All contracts, agreements and other documents evidencing the

relationships between you and any person(s) or entities making calls to consumers on your

behalf.

**Response:**


**Request No. 21:**     Complete personnel files of each person who called plaintiff at any

of the numbers listed in instructions above.

**Response:**


**Request No. 22:**     A copy of your document retention policy(ies) in effect from

March 2018-present.

**Response:**


## Interrogatories

**Interrogatory No. 1:** Provide the following information related to any of the telephone

calls to Ms. Mey at any of the numbers listed herein:

      a.  Identification of the person who called and the organization or entity with which
he/she was affiliated;

      b.  Identification of the equipment, third party, and/or software used to make the call
(e.g., Avatar, ytel, Five9, Guaranteed Contacts, Aspect, Avaya), and the location
of the call origination/dialer;

      c.  The source(s) from which you obtained each telephone number, including the
nature of your relationship with each source;

      d.  Any writing that shows Ms. Mey's permission or consent to receive calls.

**Answer:**

7

**Interrogatory No. 2:** Please identify (by name, address, company name, telephone number and all other contact information in your possession, custody or control) the individual or entity that physically dialed calls to the Plaintiff's numbers (as defined in instructions above) and fully identify their job responsibilities.

**Answer:**

**Interrogatory No. 3:** Please identify the person or persons responsible for receiving, maintaining, investigating, and responding to complaints relating to any alleged state or federal telemarketing violations or complaints.

**Answer:**

**Interrogatory No. 6:** If any of your responses to any of the below Requests for Admission is anything other than an unqualified "admitted" response, please explain the basis for your answer.

**Answer:**

**Requests for Admissions**

**Request No. 1:** Admit that you placed telephone calls to the Plaintiff at any of the numbers listed in instructions above on each of the following dates:  3/6/2018, 4/4/2018, 5/1/2018, 5/7/2018, 5/15/2018, and 6/25/2018.

**Answer:**

**Request No. 2:** Admit that each of the calls to the Plaintiff listed above were authorized by you.

**Answer:**


**Request No. 3:** Admit that you have no written consent from the Plaintiff to place telemarketing calls to her.

**Answer:**


                                        **DIANA MEY,**

                                        By Counsel,


John W. Barrett, Esq (WV Bar #7289)
Jonathan R. Marshall, Esq. (WV Bar #10580)
Sharon F. Iskra, Esq (WV Bar # 6582)
**BAILEY GLASSER, LLP**
209 Capitol Street
Charleston, WV 25301
Telephone:  304-345-6555
Facsimile:  304-342-1110
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

DIANA MEY,

     Plaintiff,

v.                       Civil Action No. _____

CASTLE LAW GROUP, PC,
A Tennessee Corporation;
JUDSON PHILLIPS, ESQ.,
an individual; and
BRUYETTE AND ASSOCIATES, LLC,
A Florida Corporation;

     Defendants.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of *Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendants, Judson Phillips, Esq., Castle Law Group, PC, and Bruyette & Associates, LLC* was served with the Complaint as indicated below:


_____
John W. Barrett, Esq (WV Bar #7289)
Jonathan R. Marshall, Esq. (WV Bar #10580)
Sharon F. Iskra, Esq (WV Bar # 6582)
**BAILEY GLASSER, LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: 304-345-6555
Facsimile: 304-342-1110
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com

10