IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY,

    Plaintiff,

v.                                                 Civil Action No. 5:19CV185
                                                                               (STAMP)

CASTLE LAW GROUP, PC,
a Tennessee corporation,
JUDSON PHILLIPS, ESQ.,
an individual and
BRUYETTE AND ASSOCIATES, LLC,
a Florida corporation,

    Defendants.


**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS**

I.    Background

Plaintiff, Diana Mey ("Mey"), by counsel, originally filed her complaint against the above-named defendants in the Circuit Court of Ohio County, West Virginia, alleging violations of the Telephone Consumer Protection Act ("TCPA") (Count I), violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") (Count II), violations of the West Virginia Computer Crime and Abuse Act ("WVCCAA") (Count III), intentional infliction of emotional distress (Count IV), and violations of the West Virginia Unfair or Deceptive Trade Practices Act ("UTPA"). ECF No. 1-1.

Defendant Judson Phillips ("Phillips") was served on May 17, 2019, and filed a pro se notice of removal on May 28, 2019, citing diversity jurisdiction as well as federal question jurisdiction pursuant to plaintiff's allegations regarding the TCPA. ECF

No. 1.[1]  This Court then entered a first order and notice regarding discovery and scheduling.  ECF No. 4.

Thereafter, on June 14, 2019, defendant Phillips filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) and for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(2).  ECF No. 7.  Phillips contends the plaintiff does not allege sufficient contacts to this forum so that this Court may exercise personal jurisdiction over him.  Phillips asserts that there is no showing in the plaintiff's complaint that he has ever transacted business, derived income, or been in West Virginia.  Id. at 4.  Phillips further argues that plaintiff makes general statements about him in the complaint without any factual allegations of any action by him to claim that he is somehow responsible for the acts of another party.  Id. at 6.  Phillips contends that the complaint is speculative at best and should be dismissed.

Mey then filed a response in opposition (ECF No. 9) to defendant's motion to dismiss.  Mey argues Phillips's motion to dismiss for three reasons.  First, plaintiff asserts this Court possesses personal jurisdiction over Phillips and venue is proper

---

[1]At this time, it does not appear that defendants Castle Law Group, PC ("Castle") and Bruyette and Associates ("Bruyette") have ever been served in this civil action, and neither of these named defendants have made an appearance in this civil action.

2

because Phillips's unlawful conduct transpired in this District. Second, plaintiff contends Phillips waived his right to challenge personal jurisdiction and venue because his motion to dismiss was untimely under the Federal Rules of Civil Procedure. Finally, plaintiff maintains that she has adequately alleged facts to state a claim that Phillips is directly and/or vicariously liable for the unlawful communications she received in violation of the TCPA, the WVCCPA, the WVCCAA, the UTPA, and common law.

No reply was filed.

Now before the Court is defendant Phillips's motion to dismiss the plaintiff's complaint. The motion has been briefed and is ripe for decision.

## II. <u>Applicable Law</u>

A. <u>Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). This Court also declines to consider "unwarranted

inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet,

4

591 F.3d at 256 (quoting Iqbal, 556 U.S. at 678). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

B.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal Jurisdiction

When a court's power to exercise personal jurisdiction over a non-resident defendant is challenged by a motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving the existence of the grounds for jurisdiction by a preponderance of the evidence. Owens-Illinois, Inc. v. Rapid Am. Corp., (In re The Celotex Corp.), 124 F.3d 619, 628 (4th Cir. 1997) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)).

Under a "long-arm" statute, such as West Virginia Code § 56-3-33,[2] a state may enable its courts to exercise personal

---

[2]Section 56-3-33 states, in pertinent part:

(a) The engaging by a nonresident, or by his duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state . . . for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner

5

jurisdiction over non-residents that commit certain acts within the state, or certain acts outside of the state, that have caused injury within the state. See Lozinski v. Lozinski, 408 S.E.2d 310, 315 (W. Va. 1991) ("The intent and benefit of any long-arm statute is to permit the secretary of state to accept process on behalf of a nonresident and to view such substituted acceptance as conferring personal jurisdiction over the nonresident."). Because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary to go through the normal two-step formula for determining the existence of personal jurisdiction. In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997). Instead,

---

> hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:
>
> > (1) Transacting any business in this state;
> > (2) Contracting to supply services or things in this state;
> > . . .
> > (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (b) When jurisdiction over a nonresident is based solely upon the provisions of this section, <u>only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him or her</u>.

W. Va. Code § 56-3-33 (emphasis added).

the "statutory inquiry merges with the Constitutional injury," and this Court must determine whether exercising personal jurisdiction is consistent with the due process clause. Id. at 628; see World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).

Due process requires that a defendant receive adequate notice of the suit and be subject to the personal jurisdiction of the court. Id. (citations omitted). The exercise of personal jurisdiction over a non-resident defendant is proper only so long as "minimum contacts" exist between the defendant and the forum state, "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

If the defendant's contacts with the forum state provide the basis for the suit, those conducts may establish "specific jurisdiction." Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 397 (4th Cir. 2003). To determine whether specific jurisdiction exists, this Court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. (quoting ALS Scan,

Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002)).

If the defendant's contacts with the state are not the basis for the suit, however, then jurisdiction "must arise from the defendant's general, more persistent, but unrelated contacts with the state." Id. A plaintiff establishes general jurisdiction by showing that the defendant's activities in the state have been "continuous and systematic." Id. (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 & n.9 (1984)).

### III. Discussion

Mey raises three arguments in her response in opposition to the Phillips's motion to dismiss for lack of personal jurisdiction and failure to state a claim. This Court will address those arguments, in turn, below.

First, Mey asserts Phillips has waived his right to challenge personal jurisdiction and venue as his motion to dismiss was untimely under the mandates of Federal Rule of Civil Procedure Rule 81(c)(1). In considering this argument, this Court notes that defendant Judson Phillips is proceeding pro se in this matter. As a pro se litigant, Phillips's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Federal Rule of Civil Procedure Rule 81(c)(2) provides three different scenarios for determining the appropriate deadline

8

to file a responsive pleading after removal. Whichever scenario gives the defendant the most time to file an answer or responsive pleading becomes the operative deadline. In this case, Rule 81(c)(2)(A)(1) gave the defendant the most time and required that he file an answer or responsive pleading on or before June 7, 2019. Phillips, however, did not file his motion to dismiss until June 14, 2019. Accordingly, this Court finds that the motion to dismiss is untimely. However, this Court will decline to deny the untimely motion on a procedural error and will, instead, address the defendant's arguments regarding personal jurisdiction and failure to state a claim.

This Court has construed the complaint in the light most favorable to Mey for the purposes of deciding the defendant's motion to dismiss. In doing so, this Court finds that the plaintiff's complaint asserts sufficient factual allegations against Phillips to survive the defendant's Rule 12(b)(6) motion for dismissal. This Court finds that the Mey's complaint asserts factual allegations against Phillips sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In order to properly state a claim for relief, plaintiff is required to provide a "short and plain statement of the claim" that gives defendants "fair notice of what the claim is and the grounds upon which it rests." Id. Mey has met this standard, and the claims alleging violations of the TCPA (Count I), the WVCCPA (Count

9

II), the WVCCAA (Count III), the UTPA (Count IV), and intentional infliction of emotional distress (Count IV) are pled with sufficient specificity.

In the 15-page complaint consisting of 95 separate paragraphs, Mey describes in detail many instances of alleged unlawful communications and pleads, with sufficient specificity, her claims against defendant Phillips. Without considering the merits of the allegations set forth in the complaint, this Court finds that the complaint states a claim for relief that is sufficient on its face, which is all that is required to survive a motion to dismiss under Rule 12(b)(6). Based upon the standard of review for motions to dismiss, this Court finds that the Mey's allegations are sufficient to warrant denial of the Phillips's motion to dismiss pursuant to Rule 12(b)(6).

As to Phillips's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), this Court finds that calling Mey's number in West Virginia 25 times, as alleged in the complaint, demonstrates that Phillips purposefully availed himself of the privilege of conducting business in the state of West Virginia. Mey alleges that over a span of four months in 2018, defendant Judson Phillips and/or those acting on his behalf ignored the mandates of the National Do Not Call registry and dialed Mey's West Virginia phone number 25 times for the singular purpose of soliciting business from her. ECF No. 9. As Mey correctly notes,

in the context of the TCPA, other courts have held that personal jurisdiction is proper in the District where an unlawful communication is received. See, e.g., Payton v. Kale Realty, L.L.C., No. 13 C 8002, 2014 WL 4214917, at *3 (N.D. Ill. Aug. 26, 2014) ("[C]ourts have repeatedly held that sending a message into the forum state in violation of the TCPA is sufficient to confer specific personal jurisdiction over the defendant."); Luna v. Shac, L.L.C., No. C14-00607, 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014) ("When [the defendant] intentionally sent unsolicited text messages advertising [itself] to California cell phone numbers, which conduct gave rise to this litigation, it purposefully directed its activity to California such that [the defendant] is reasonably subject to the personal jurisdiction of this Court."); Baker v. Caribbean Cruise Line, Inc., No. CV 13-8246, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) (asserting specific jurisdiction over defendant in suit regarding unsolicited calls defendant made to plaintiff's forum state telephone). Viewing these pleading allegations in a light most favorable to Mey, this Court finds that the exercise of personal jurisdiction over Phillips is proper as minimum contacts exist between the defendant and West Virginia such that maintenance of this action does not offend traditional notions of fair play and substantial justice.

Finally, this Court finds that venue is proper under 28 U.S.C. § 1391(b)(2) because the Northern District of West Virginia is the

"judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Mey is a resident of Ohio County, West Virginia, where she received each of the 25 alleged unlawful communications. To that end, Phillips's alternative argument, that this matter should be transferred, fails.

IV. Conclusion

For the reasons set forth above, the motion to dismiss of defendant Judson Phillips, Esq. (ECF No. 7) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order the pro se defendant by certified mail and to counsel of record herein.

DATED:    September 20, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE