## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

**DIANA MEY,**

Plaintiff,

v.

**CIVIL ACTION NO. 5:19-CV-185**
Judge Bailey

**CASTLE LAW GROUP, PC**, a Tennessee Corporation, **JUDSON PHILLIPS,** Esq., an individual, **CASTLE VENTURE GROUP, LLC,** a Tennessee limited liability company, **CASTLE EQUITY GROUP, INC.,** a Tennessee Corporation, **CASTLE PARTNERS INC.,** a Tennessee Corporation, **CASTLE MARKETING GROUP, LLC,** a Tennessee limited liability company, **TRISTAR CONSUMER GROUP,** a Tennessee Corporation, **MUSIC CITY VENTURES, INC.,** a Tennessee Corporation, **TRISTAR CONSUMER LAW,** a Tennessee Corporation, **TRISTAR CONSUMER LAW ORGANIZATION,** a Tennessee Corporation, **AMERICAN CONSUMER RIGHTS ORGANIZATION,** a Tennessee Corporation, **ADVOCUS LEGAL, INC.,** a Tennessee corporation, **TRISTAR CONSUMER LAW FOUNDATION,** a Tennessee Corporation, **CAPITAL COMPLIANCE GROUP, CO.,** a Tennessee Corporation, **CAPITAL COMPLIANCE GROUP, INC.,** a Tennessee Corporation, **CAPITAL RECOVERY LAW, PC,** a Tennessee Corporation, **ADVOCUS LEGAL ORGANIZATION,** a Tennessee Corporation, **US CONSUMER**

**ADVOCATES,** a Tennessee Corporation, **THACKER AND ASSOCIATES INTERNATIONAL, LLC,** a foreign limited liability company, **BRUYETTE AND ASSOCIATES, LLC**, a Florida Corporation, **SEAN AUSTIN,** an individual, **WILLIAM MICHAEL KEEVER,** an individual, **ASHLEY R. KEEVER,** an individual, **STEVE HUFFMAN,** an individual, **JOHN PRESTON THOMPSON,** an individual, **JOHN DOES 1-10,** corporate entities and individuals presently unknown**,**

                        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

Currently pending before this Court is Plaintiff and Counterclaim-Defendant Diana Mey's Omnibus Motion to Dismiss the Counterclaims of Defendants and Counterclaim-Plaintiffs Judson Phillips, Steve Huffman, John Preston Thompson, and Sean Austin, [Doc. 117], filed July 28, 2020.  Defendants filed a response [Doc. 119] on August 11, 2020, and plaintiff filed a reply to that response [Doc. 120] on August 18, 2020. Accordingly, the Motion is fully briefed and ripe for decision.  For the reasons that follow, the Court will grant the Motion.

## BACKGROUND

As previously discussed,[1] this case arises out of a series of phone calls allegedly made to plaintiff by defendants.  According to the Second Amended Complaint ("the

---

[1]The beginning of this section is taken from the summary in this Court's previous Order on Defendants' Motions to Dismiss [Doc. 98].

Complaint"), defendants or their agents made a series of calls to plaintiff, who is on the Do

Not Call list, between March 6 and July 25, 2018.  [Doc. 63 at 8, 11].  These included calls

using auto-dialers and pre-recorded messages selling debt relief services.  [Id. at 8].  The

Complaint asserts five causes of action: violations of the Telephone Consumer Protection

Act ("TCPA"), violations of the West Virginia Consumer Credit and Protection Act

("WVCCPA"), violations of the West Virginia Computer Crime and Abuse Act ("WVCCAA"),

intentional infliction of emotional distress, and violations of the West Virginia Unfair or

Deceptive Trade Practices Act, W.Va. Code § 46A-6-104.  [Id. at 16–22].

On January 24, 2019, plaintiff filed suit in the Circuit Court of Ohio County, West

Virginia.  On May 28, 2019, defendant Phillips filed a Notice of Removal [Doc. 1], removing

the action to this Court based on both diversity and federal question jurisdiction.

By order dated June 23, this Court denied several motions to dismiss brought by

various defendants.  [Doc. 98].  In doing so, this Court rejected several of defendants'

arguments, including their argument that plaintiff's participation in a credit card qualification

process in order to identify the caller meant that she had consented to receive such calls.

[Id. at 11–12].  After that order was issued, defendants filed several Answers to the

Amended Complaint.  *See* [Docs. 106–111].  In the Answers filed by defendants Phillips,

Thompson, Huffman, and Austin [Docs. 106, 108, 109, and 110], defendants assert a

counterclaim for fraud.  The essence of the claim is that plaintiff voluntarily participated in

the credit card qualification process in order to "trap the purported telemarketers into a

lawsuit."  [Doc. 106 at ¶¶ 13-14].[2]  Defendants contend that plaintiff "knew better than to

---

[2]The same allegations appear in the counterclaim in each of the Answers.

provide such personal identifying information to a purported telemarketer," and that therefore her representations to the caller were fraudulent in indicating she wished to enter a business relationship with the telemarketer. [Id. at ¶¶ 17-19].

On July 28, 2020, Mey filed the instant motion to dismiss counterclaims.  In her memorandum in support, Mey advances four arguments.  First, that Mey's alleged conduct does not constitute fraud but is instead the type of investigation encouraged under the TCPA.   [Doc. 118 at 10–12].   Second, that defendants have failed to meet the requirements under Federal Rule of Civil Procedure 9(b) to plead fraud with particularity. [Id. at 13].  Third, that defendants fail to state a claim because any reliance on Mey's statements were unjustified because her phone numbers are on the do not call registry. [Id. at 13–15].  Fourth, that defendants have likewise failed to sufficiently allege damages. [Id. at 16].

On August 11, 2020, defendants filed a response in opposition.  [Doc. 119].  First, defendants argue that courts in other jurisdictions have allowed fraud claims against "serial TCPA plaintiffs."  [Id. at 7–9].  Second, they contend that they have sufficiently pled fraud with particularity and, if not, ask leave to amend their counterclaims.  [Id. at 9].  Third, defendants argue that whether plaintiff is on the Do Not Call registry is a question of fact, and, as such, the question of whether defendants were justified in relying on her statements is not an issue for a motion to dismiss.  [Id. at 9–10].  Finally, defendants contend that they have adequately pled damages because they "have been damages by the mere filing of this lawsuit."  [Id. at 10].

In reply, Mey argues that the cases cited by defendants are distuinguishable from the instant case in that they alleged circumstances which would justify reliance on

misrepresentations. [Doc. 120 at 4]. Further, she argues that defendants have still not identified damages and that "[d]efendants' displeasure at being caught in their acts and having to defend this suit, which the Court has twice declined to dismiss, does not give rise to a counterclaim or any damages." [Id. at 6].

## LEGAL STANDARD

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (applying the *Twombly* standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id*. at 1964–65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 1974.

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396–97.

## DISCUSSION

Accepting the allegations in the counterclaims as true, the Court finds that the defendants have failed to state claims for fraud. The basis of the fraud claim, that Mey misrepresented her interest in the qualification process "in order to trap the purported telemarketers into a lawsuit" [Doc. 106 at 21], is the type of conduct encouraged by the TCPA.

> The statutory damages available under the TCPA are, in fact, specifically
> designed to appeal to plaintiffs' self-interest and to direct that self-interest
> toward the public good: like statutory compensation for whistleblowers, they
> operate as bounties, increasing the incentives for private enforcement of law.
> Designing a cause of action with the purpose of enlisting the public in a law's
> enforcement scheme is a well-established tool that can be found in areas
> ranging from antitrust and civil rights law to environmental law and false
> claims. While these schemes do not eliminate the constitutional requirement
> of an injury-in-fact, neither do  they impose an additional hurdle simply

because the plaintiff may have a motive beyond mere compensation for his injury.

*Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1195–96 (M.D. Tenn. 2017) (citations and quotations omitted). Defendants now complain that they were caught by an individual seeking such "bounties." Indeed, part of the basis of the counterclaims for fraud is that "[p]laintiff, a sophisticated consumer, *knew better* than to provide such personal identifying information to a purported telemarketer." [Doc. 106 at 22] (emphasis added). Because the Answers do not state a counterclaim for fraud, the counterclaims will be dismissed.

### CONCLUSION

In light of the foregoing, Plaintiff and Counterclaim-Defendant Diana Mey's Omnibus Motion to Dismiss the Counterclaims of Defendants and Counterclaim-Plaintiffs Judson Phillips, Steve Huffman, John Preston Thompson, and Sean Austin, **[Doc. 117]** is hereby **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: September 22, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE