## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

**DIANA MEY,**

       Plaintiff,

       v.

**CASTLE LAW GROUP, PC**, a
Tennessee Corporation, **JUDSON
PHILLIPS,** Esq., an individual,
**CASTLE VENTURE GROUP, LLC,**
a Tennessee limited liability company,
**CASTLE EQUITY GROUP,
INC.**, a Tennessee Corporation,
**CASTLE PARTNERS INC.**, a
Tennessee Corporation,
**TRISTAR CONSUMER GROUP,** a
Tennessee Corporation, **MUSIC
CITY VENTURES, INC.,** a
Tennessee Corporation,
**CAPITAL COMPLIANCE GROUP, CO.,**
a Tennessee Corporation, **CAPITAL
RECOVERY LAW, PC,** a Tennessee
Corporation, **ADVOCUS LEGAL
ORGANIZATION,** a Tennessee
Corporation, **US CONSUMER
ADVOCATES,** a Tennessee Corporation,
**THACKER AND ASSOCIATES
INTERNATIONAL, LLC,** a foreign
limited liability company, **BRUYETTE
AND ASSOCIATES, LLC**, a Florida
Corporation, **SEAN AUSTIN,** an
individual, **WILLIAM MICHAEL
KEEVER,** an individual, **ASHLEY R.
KEEVER,** an individual, **STEVE
HUFFMAN,** an individual, **JOHN
PRESTON THOMPSON,** an individual,
**JOHN DOES 1-10,** corporate entities
and individuals presently unknown**,**

       Defendants.

**CIVIL ACTION NO. 5:19-CV-185**
Judge Bailey

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR SANCTIONS

Currently pending before this Court are Plaintiff's Omnibus Motion to Compel Defendants' Responses to Plaintiff's First Set of Requests for Production [Doc. 168], Plaintiff's Omnibus Motion to Compel Defendants' Responses to Plaintiff's Second and Third Sets of Requests for Production and Interrogatories to Defendants [Doc. 170], Defendants Judson Phillips, Sean Austin, John Preston Thompson, Steve Huffman, Capital Compliance Group, Co and Music City Ventures' Motion for Summary Judgment [Doc. 174], and Plaintiff's Rule 56(d) Motion for Denial or Deferral of Defendants' Motion for Summary Judgment [Doc. 188].

This case arises out of a series of phone calls allegedly made to plaintiff by defendants. According to the Second Amended Complaint ("the Complaint"), defendants or their agents made a series of calls to plaintiff, who is on the Do Not Call list, between March 6 and July 25, 2018. These included calls using auto-dialers and pre-recorded messages selling debt relief services. The Complaint asserts five causes of action: violations of the Telephone Consumer Protection Act ("TCPA"), violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), violations of the West Virginia Computer Crime and Abuse Act ("WVCCAA"), intentional infliction of emotional distress, and violations of the West Virginia Unfair or Deceptive Trade Practices Act, W.Va. Code § 46A-6-104.

Because the events described in the first two motions had the potential to impact the remainder of the scheduling order, plaintiff requested a status conference which the Court held on November 10, 2021 [Doc. 177]. At the conference, plaintiff recounted some

of the bases supporting her request for sanctions and striking of her opponents' defenses. After hearing the parties at the status conference, this Court withdrew the sanctions issue from Judge Mazzone, directed Ms. Mey to file the supplemental material she had gathered in support of her arguments, and vacated the Scheduling Order until such time as it rendered a ruling. [Doc. 192].

In discovery, Ms. Mey sought to explore defendants' interrelationships to prove her alter ego and joint venture claims, as well as her contention that piercing the corporate veil was appropriate. Among other items, Ms. Mey requested all documents reflecting defendants' interest, affiliations, officer status or ownership in any entities named herein or in which another defendant also shared interest, affiliation, officer status or ownership. Plaintiff also requested that defendants identify other lawsuits in which they/their entities had been involved. She further requested that the defendants identify all investigations by any state or federal government agency into acts by defendants or any entities in which they held officer status, interest, or ownership and all documents sent to or from any state attorney general or other government entity against defendant(s) or any entity in which defendant(s) had interest, affiliation, ownership, or officer status.

This Court finds that the defendants did not answer forthrightly, but concealed many lawsuits, investigations, and other discoverable material including financial and corporate records. In ruling upon a prior motion to compel in this case, Magistrate Judge Mazzone noted many of the same evasive tactics defendants continue to attempt. [Doc. 51].

Magistrate Judge Mazzone determined that Mr. Phillips had not provided information as to the various interrelationships between the organizations as requested; had answered only in the present tense when the past tense was also requested; had failed to answer

3

according to the instructions which included all listed entities rather than just his personal knowledge; improperly narrowed his answers to "officers" only; failed to provide historical information as requested; and improperly narrowed his answers to those in which he had officer status, rather than all those in which he had affiliation or interest as requested. Magistrate Judge Mazzone deemed these answers incomplete.

He also noted that objections such as "overly broad, burdensome, oppressive and irrelevant" do not constitute specific objections within the meaning of the rules. *Moman v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

The Court's finding of discovery abuse is supported by the fact that in considering plaintiff's prior motion to compel against Mr. Phillips, the Court previously declined sanctions due to Mr. Harris' recent involvement and what appeared at that time to be Mr. Phillips' continued efforts to supplement his discovery. However, the Court stated that the issue of sanctions could be renewed by plaintiff if appropriate.

For the reasons that follow, this Court strike defendants' defenses.

## BACKGROUND

As previously discussed, on October 22, 2021, defendants filed a Motion for Summary Judgment [Doc. 174]. In their memorandum in support, the moving defendants argue that plaintiff is unable to say whether any of the moving defendants, or any of their agents, made the calls at issue. [Doc. 175 at 2]. They further argue that plaintiff has suffered no actual harm and characterize her as a "serial and prolific litigant." [Id. at 12].

In response, plaintiff filed a Rule 56(d) Motion for Denial or Deferral of Defendants' Motion for Summary Judgment [Doc. 188].  In her memorandum in support, plaintiff argues that defendants "have obstructed discovery at every turn and deprived Ms. Mey of the very evidence they now castigate her for not having." [Doc. 189 at 7].  She further argues that she is unable to present facts to oppose summary judgment because of the absence of discovery. [Id.].  Plaintiff argues, both in her Motion and at a November 10, 2021 hearing, that sanctions are appropriate for defendants' discovery abuse, and that this Court should strike their defenses. [Id. at 12].

## LEGAL STANDARD

"[W]hen a party lacks material facts necessary to combat a summary judgment motion, she may file an 'affidavit or declaration that, for specified reasons, [the party] cannot present facts essential to justify its opposition.'" *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014) (quoting Fed. R. Civ. P. 56(d)).  When such an affidavit or declaration is filed, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  "Generally speaking, 'summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).  However, a rule 56(d) motion should be denied "where the additional evidence sought for

discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." ***Strag v. Bd. of Trustees, Craven Cmty. Coll.***, 55 F.3d 943, 954 (4th Cir. 1995).

## DISCUSSION

Plaintiff argues that defendants' abusive discovery practices in this case are "both repetitive and purposeful." [Doc. 189 at 5]. Further, plaintiff argues that defendants have concealed discoverable material including financial and corporate records. Indeed, plaintiff cites a number of items that defendants failed to provide, including:

First, the case ***Westgate Resorts, LTD., et al v. Castle Law Group, P.C. et al***, 6:17-CV-1063-Orl-31DCI (M.D. Fl. 2017) involves several of the same defendants and involving deceptive business practices. Defendants contend that the motion cited by plaintiff in that case was denied and emphasize that "there was no finding of wrongdoing made by the court in Westgate." [Doc. 193 at 5]. However, the Court notes that defendants failed to disclose this case in response to an interrogatory asking for the names of lawsuits filed against defendants.

Furthermore, in the ***Westgate*** case, the plaintiffs had filed a lengthy motion for sanctions for discovery abuse, which was not disclosed.

Second, the case ***Orange Lake Country Club, Inc. v. Castle Law Group, P.C.***, 6:17-CV-1044-Orl-31DCI (M.D. Fl. 2017). That case included a permanent injunction against Castle Law Group and Judson Phillips along with their "officers, agents, servants and employees, and all other persons who are in active concert or participation with any of them, including but not limited to Advocus Legal Organization, Advocus Legal, Inc.,

6

Tristar Consumer Law Organization, Tristar Consumer Law PC, and Castle Law Group";
plaintiff contends this injunction, issued during the same period that Mey was receiving
calls, "reflects that Defendants were acting in concert and joint enterprise at that time."
[Doc. 194 at 4]. The Court also notes that, as above, defendants failed to disclose this
case in response to the interrogatory asking about the names of lawsuits filed against them.

Third, a ***Final Order to Cease and Desist and Final Order Assessing Civil
Penalties, Entered by Default*** against Tristar Consumer Law, PC, Tristar Consumer Law
Organization, Tristar Consumer Law Foundation, and Judson Phillips, by the Department
of Consumer and Business Services of the State of Oregon. This Order made extensive
findings concerning the organization of the respondents, including finding that Judson
Phillips was a control person of those business entities. Defendants appear to argue that
this matter is irrelevant, noting "defense counsel was informed that an appeal of the Oregon
matter set forth in Exhibit 5 of Doc 189 was had and the State of Oregon did not pursue the
appeal." [Doc. 193 at 5]. Nonetheless, the Court notes that documents such as this were
requested in plaintiff's request for Production No. 8 and defendants concealed the
existence of this investigation.

Fourth, the case ***Abramson v. ACRO***, AR-19-001446 (Ct. Com. Pl. Allegheny
County, Pa. 2019), in which the plaintiff brought TCPA claims against several of the
defendants in this case and alleged that Judson Phillips directly and personally managed
all aspects of the corporate defendants.

Fifth, the case of ***Abramson v. Thacker & Associates, Int'l, LLC***, AR-17-001419
(Ct. Com. Pl. Allegheny County, Pa 2017), in which plaintiff brought TCPA claims against

Thacker and Associates International, LLC, a defendant in this case owned by defendants Huffman and Thompson. In that case, defendants falsely represented that defendant Judson Phillips' "only association with American Consumer Rights Organization is in the context of legal work associated with the corporation of the business." This representation is belied by the Articles of Amendment to the Charter of ACRO, which reflects that Judson Phillips was ACRO's corporate officer until May 17, 2018.

Sixth, ***Abramson v. Thacker and Associates Int'l, LLC*** – The Complaint alleges TCPA violations against Defendants' Thacker entity, also named here. Defendants John Preston Thompson and Steven Huffman answered interrogatories stating they were the owners of the Thacker entity. Again, the defendants failed to disclose this case.

Finally, any documents filed by plaintiff concerning Judson Phillips' disbarment in Tennessee and an investigation by the West Virginia Attorney General into Tristar Consumer Law, PC, Tristar Consumer Law PC c/o Music City Ventures, Inc., and Judson Phillips concerning their relationship with American Consumer Rights Organization were never produced.

Rule 37(a)(4) states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Subsection (c) of that Rule authorizes the imposition of sanctions where (as here) a party fails to supplement discovery responses in accordance with Rule 26(e). Sanctions imposed under Rule 37(c) are "automatic sanctions" that do not require failure to comply with an order issued on a prior motion to compel. ***Jaffe v. Bank of Am., N.A.***, 2008 WL 11333255 at *2 (S.D. Fla. Apr. 29, 2008).

A court may sanction an attorney or party pursuant to its "inherent power" to deter behavior that undermines its ability to achieve the just, orderly, and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "Sanctions authorized under the court's inherent power include the striking of frivolous pleadings or defense, disciplining lawyers, punishing for contempt, assessment of attorneys' fees and costs, and outright dismissal of a lawsuit." *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1338 (S.D. Fla. 2007).

Upon review of this case, this Court finds that defendants have engaged in a pattern of concealing discoverable material. The Scheduling Order in this case required discovery to be completed by October 1, 2021. Implicit in that order is that parties must engage in discovery in good faith. This Court finds that defendants have failed to obey that order. Federal Rule of Civil Procedure 37(b) authorizes a court to issue sanctions for failure to obey a discovery order. "District courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 426 (4th Cir. 1996) (citing *Mutual Federal Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)). Sanctions for failing to comply with a discovery order include "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(iii). The Court finds such a sanction appropriate in this case, and defendants pleadings will be stricken. With the defendant's defenses stricken, the only issue remaining in this case is determining a new schedule for a trial on plaintiff's damages.

The Court hereby **ORDERS** that the below listed dates be adopted, subject to the definitions contained in Docket No. 136:

8. FED.R. 26(a)(3) Disclosures: **January 31, 2022**
   a. Objections: **February 14, 2022**

9. Voir Dire. Jury Instructions, and Verdict Form: **January 31, 2022**
   a. Objections: **February 14, 2022**

10. Motions in Limine: **January 31, 2022**
    a. Objections: **February 14,2022**

12. Joint Pretrial Order: **February 21, 2022**

13. Final Pretrial Conference: **March 7, 2022, at 4:00 p.m., in Wheeling, WV**

14. Jury Trial: **March 22, 2022. at 9:00 a.m., in Wheeling, WV**

In light of this Court's striking of defenses, Defendants Judson Phillips, Sean Austin, John Preston Thompson, Steve Huffman, Capital Compliance Group, Co and Music City Ventures' Motion for Summary Judgment [**Doc. 174**], and Plaintiff's Rule 56(d) Motion for Denial or Deferral of Defendants' Motion for Summary Judgment [**Doc. 188**] are **DENIED AS MOOT.**

If this Court had not stricken the defenses, this Court would deny the motion for summary judgment and grant the motion for deferral.

"The Supreme Court has made clear that summary judgment is inappropriate unless a tribunal permits the parties adequate time for discovery." ***Dunkin' Donuts of Am., Inc. v. Metallurgical Exoproducts Corp.***, 840 F.2d 917, 919 (Fed. Cir. 1988) (citing ***Celotex Corp. v. Catrett***, 477 U.S. 317 (1986)). Further, a party who has failed to engage in discovery should not normally be able to obtain summary judgment. ***Bane v. Spencer***, 393 F.2d 108, 109 (1st Cir. 1968) ("it should be fundamental that a defendant who has failed

10

to answer relevant and timely interrogatories is, at least normally, in no position to obtain summary judgment.").

In this case, plaintiff contends that defendants have engaged in a pattern of discovery abuse and thus should not be able to obtain summary judgment.  On December 16, 2019, plaintiff filed her first Motion to Compel.  Plaintiff sought to discover whether defendant corporations are fraudulently conveying assets among themselves; as summarized by plaintiff, "Mr. Phillips objected to every Interrogatory, and nearly all of his answers were substantively devoid." Magistrate Judge Mazzone found that Phillips' answers to interrogatories were incomplete and directed him to supplement his answers. On October 18, 2021, plaintiff filed a Motion to Compel Defendants' Responses to Plaintiff's First Set of Requests for Production [Doc. 168] and a Motion to Compel Defendants' Responses to Plaintiff's Second and Third Sets of Requests for Production and Interrogatories to Defendants [Doc. 170].  Plaintiff contended that defendants continued to engage in the same kind of evasive tactics which were the subject of the first Motion to Compel.  The Magistrate Judge granted in part and denied in part the Motions, ordering defendants to supplement their answers. *See* [Doc. 195].   In doing so, the Magistrate Judge found that defendants had provided incomplete answers to several interrogatories and directed defendants to supplement their answers.

The pending Motion for Summary Judgment [Doc. 174] was filed October 22, 2021, before these discovery issues had been addressed.   As set forth in the affidavit accompanying the 56(d) motion, despite the numerous discovery requests made in this case, "Defendants collectively have produced only 57 pages total in this case, many of which are duplicates of filings publicly available on the Tennessee Secretary of State

11

webpage and letters from insurance companies denying coverage for the claims advanced herein." [Doc. 189-1 at 2].  Upon review, the Court finds that the requested discovery is essential to plaintiff's opposition to summary judgment, and therefore finds it appropriate to deny the Motion for Summary Judgment.

## CONCLUSION

In light of the foregoing, plaintiff's Motions to Compel **[Docs. 168 & 170]** are hereby **GRANTED** as to the issue of sanctions.  Defendants Judson Phillips, Sean Austin, John Preston Thompson, Steve Huffman, Capital Compliance Group, Co and Music City Ventures' Motion for Summary Judgment **[Doc. 174]**, and Plaintiff's Rule 56(d) Motion for Denial or Deferral of Defendants' Motion for Summary Judgment **[Doc. 188]** are **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 4, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**