# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY,**

      **Plaintiff,**

**v.**                                                                           **Civil Action No. 5:19-cv-185**

**CASTLE LAW GROUP, PC,**
A Tennessee Corporation;
**JUDSON PHILLIPS, ESQ.,**
an individual;
**CASTLE VENTURE GROUP, LLC,**
A Tennessee limited liability company;
**CASTLE EQUITY GROUP, INC.,**
A Tennessee corporation;
**CASTLE PARTNERS INC.,**
A Tennessee corporation;
**CASTLE MARKETING GROUP, LLC,**
A Tennessee limited liability company;

**TRISTAR CONSUMER GROUP,**
A Tennessee Corporation;
**MUSIC CITY VENTURES, INC.,**
A Tennessee Corporation;
**TRISTAR CONSUMER LAW,**
A Tennessee Corporation;
**TRISTAR CONSUMER LAW ORGANIZATION;**
A Tennessee Corporation;
**AMERICAN CONSUMER RIGHTS ORGANIZATION;**
A Tennessee Corporation;
**ADVOCUS LEGAL, INC.;**
A Tennessee Corporation;
**TRISTAR CONSUMER LAW FOUNDATION,**
A Tennessee Corporation;
**CAPITAL COMPLIANCE GROUP, CO.,**
A Tennessee Corporation;
**CAPITAL COMPLIANCE GROUP, INC.,**
A Tennessee Corporation;
**CAPITAL RECOVERY LAW, PC.,**
A Tennessee Corporation;
**ADVOCUS LEGAL ORGANIZATION,**
A Tennessee Corporation;

**US CONSUMER ADVOCATES,**
A Tennessee Corporation;
**THACKER AND ASSOCIATES INTERNATIONAL,**
**LLC,** a foreign limited liability company;

**BRUYETTE AND ASSOCIATES, LLC,**
A Florida Corporation;

**SEAN AUSTIN,** an individual;
**WILLIAM MICHAEL KEEVER,** an individual;
**ASHLEY R. KEEVER,** an individual;
**STEVE HUFFMAN,** an individual;
**JOHN PRESTON THOMPSON,** an individual;
**And JOHN DOES 1-10,** corporate entities and
individuals presently unknown,

       **Defendants.**

### PLAINTIFF'S OMNIBUS MOTIONS *IN LIMINE*\*

\*Based on the Court's recent rulings striking Defendants' pleadings and defenses (ECF No. 202) and its Order denying reconsideration (ECF No. 207), Plaintiff believes this matter is now postured for disposition without a jury trial, and will file a motion to that effect shortly. Nonetheless, to meet the deadlines previously Ordered by the Court and Federal Rule of Civil Procedure 26, Plaintiff Diana Mey now makes her Motions *in Limine* concerning evidence that may be presented if a trial is required:

Motions *in Limine* Numbers 1, 2, 3, and 4 seek to exclude the following evidence at trial: (1) any evidence or testimony from Defendants suggesting Ms. Mey did not personally find Defendants' conduct confusing, annoying, harassing or abusive, or was not subjectively harmed by their agents' calls; (2) any evidence or testimony characterizing Ms. Mey as a "professional plaintiff" or evidence of prior consumer protection cases she has litigated; (3) any evidence or testimony suggesting Defendants' calls to Ms. Mey were not "unwelcome," or were otherwise invited or encouraged; and (4) any evidence or testimony that any nonparty is responsible for the

1

actions and resulting damages complained of herein, whether they be any of Defendants' related entities or any outside parties .

Specifically, Plaintiff requests the Court instruct Defendants and their counsel not to mention, refer to, or interrogate concerning, or voluntarily answer, or attempt to convey to the jury at any time during these proceedings in any manner, either directly or indirectly, any information regarding all matters set forth herein. Plaintiff further requests the Court to instruct Defendants, through their counsel, and their counsel individually, not to make any reference to or imply that this motion has been filed, argued, or ruled upon by the Court, and further, that counsel be instructed to warn and caution every witness so that each witness complies with the Court's ruling in this regard.

I. **PLAINTIFF'S MOTION *IN LIMINE* NO. 1: EVIDENCE OR TESTIMONY SUGGESTING PLAINTIFF DID NOT SUFFER ANY SUBJECTIVE HARM, CONFUSION, ANNOYANCE, HARASSMENT, OR ABUSE.**

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence," and it is "of consequence in determining the action." Fed. R. Evid. 401. Evidence that does not meet both criteria is inadmissible. Fed. R. Evid. 402.

Plaintiffs anticipate that one or more of the Defendants in this case may attempt to argue that Ms. Mey did not suffer any subjective harm, confusion, annoyance, harassment, or abuse as a result of the telemarketing calls she received from Defendants and their agents. However, subjective harm is not an element of any case brought under either the TCPA or the relevant provisions of the WVCCPA. The TCPA is a strict liability statute that requires a plaintiff to prove only that a defendant committed a violation of the Act. 47 U.S.C. § 227. At most, the WVCCPA employs a "reasonable consumer" or "reasonable person" standard which plaintiffs must meet to show a defendant engaged in conduct that is sufficiently confusing, misleading,

harassing, abusive, or otherwise unfair or deceptive under certain provisions of the Act. W. Va. Code §§ 46A-6F-501(a)(5), -601(a)(2), -601(a)(5). Whether Ms. Mey is a "sophisticated consumer," as Defendants have previously alleged (*see* Doc. 110 at 21), has no bearing on whether a jury could find that Defendants' conduct violated the TCPA, nor does it bear on whether the jury could find Defendants' conduct amounts to behavior that a reasonable consumer or reasonable person would find confusing, misleading, harassing, abusive, or otherwise unfair or deceptive under the WVCCPA.

Plaintiff respectfully requests that this Court enter an Order prohibiting Defendants from introducing evidence or soliciting such testimony from any witness or from any of their designated experts, or during opening/closing at trial, that improperly suggests Defendants' conduct did not cause Ms. Mey to suffer any subjective harm, confusion, annoyance, harassment, or other abuse.

## II. PLAINTIFF'S MOTION *IN LIMINE* NO. 2: EVIDENCE OR TESTIMONY CHARACTERIZING PLAINTIFF AS A "PROFESSIONAL PLAINTIFF" OR EVIDENCE OF PRIOR CONSUMER PROTECTION CASES PLAINTIFF HAS LITIGATED.

Plaintiff anticipates that one or more of the Defendants in this case may attempt to characterize Ms. Mey as a so-called "professional plaintiff" or otherwise attempt to introduce evidence or elicit testimony regarding prior consumer protection cases that she has litigated, specifically cases brought under the TCPA or WVCCPA. Such characterizations and references should be excluded under Federal Rules of Evidence 401 and 402 because they are irrelevant to the sole issue for trial of damages. These arguments should further be excluded under Rule 403 because they pose a risk of unfairly prejudicing the jury against Ms. Mey and will confuse and mislead the jury as to the purpose of litigating these types of cases.

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence," and it is "of consequence in determining the action." Fed. R. Evid. 401. Evidence that does not meet both criteria is inadmissible. Fed. R. Evid. 402. Here, the sole issue for trial is Plaintiff's damages. Whether or not Ms. Mey has previously served as a plaintiff in similar litigation simply has no bearing on whether Defendants violated the law, nor does it bear on the amount of damages she is entitled to if Defendants are found to have committed the alleged violations.

In addition, the purpose of consumer protection statutes such as the TCPA and the WVCCPA is to regulate telemarketing practices and reward plaintiffs who enforce the statutes by successfully litigating on behalf of other consumers. Referring to Ms. Mey as a "professional plaintiff" or otherwise presenting evidence of other actions she has brought under these statutes only serves to unfairly prejudice the jury against her as anything other than a consumer advocate, and to confuse and mislead the jury regarding the reason why plaintiffs bring these cases.

Plaintiff respectfully requests that this Court enter an Order prohibiting Defendants from introducing evidence or soliciting such testimony from any witness , or during opening/closing at trial, that improperly characterizes Ms. Mey as a "professional plaintiff" or otherwise refers to other similar cases she has litigated.

### III. PLAINTIFF'S MOTION *IN LIMINE* NO. 3: EVIDENCE OR TESTIMONY SUGGESTING DEFENDANTS' CALLS WERE NOT "UNWELCOME" OR WERE OTHERWISE INVITED OR ENCOURAGED BY PLAINTIFF.

Plaintiff anticipates that Defendants will attempt to argue that Ms. Mey invited or encouraged their calls to her, or that the calls made to her were otherwise not "unwelcome," because she answered the calls and at times engaged in conversations with call agents. Any such argument is precluded by this Court's Orders of January 4 (Doc. 202) and January 20, 2022

(Doc. 207), which respectively struck all of Defendants' defenses and denied reconsideration of that decision. The Court's rejections of these arguments are controlling, nothing in the law or facts has changed that justifies the Court having to revisit this issue, and relitigating this at trial would be a confusing waste of time and resources under Federal Rule of Evidence 403.

Defendants' potential arguments are additionally foreclosed by the fact that Ms. Mey's telephone numbers were listed on the Do Not Call registry for over a decade before Defendants' initiated calls to her. The TCPA and federal regulations are clear that once a telephone number is listed on the Do Not Call registry, individuals and entities engaged in telemarketing are prohibited from initiating calls to that number indefinitely, unless the number is removed from the registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Federal regulations further require entities to routinely check the registry and maintain internal lists identifying those numbers that cannot be called. *See id.* By listing her telephone numbers on the Do Not Call registry, Ms. Mey unequivocally indicated that she did not consent to any call from Defendants or their agents for the purposes of telemarketing, regardless of whether she ever picked up her phone when it rang or spoke to call agents.

Plaintiff respectfully requests that this Court enter an Order prohibiting Defendants from introducing evidence or soliciting such testimony from any witness, or during opening/closing at trial, that improperly suggests Defendants' calls were not "unwelcome" or were otherwise invited or encouraged by Plaintiff.

## IV. PLAINTIFF'S MOTION *IN LIMINE* NO. 4: EVIDENCE OR TESTIMONY REGARDING NONPARTY RESPONSIBILITY FOR EVENTS GIVING RISE TO THIS CAUSE OF ACTION AND RESULTING DAMAGES.

It is well established under West Virginia law that a defendant is not permitted to point to an entity or individual who is not a party to the action—the so-called "empty chair." *Doe v. Wal-*

5

*Mart Stores, Inc.*, 558 S.E.2d 663, 673 (W. Va. 2001) (finding it improper for defendants to argue to jury on why non-named parties were not part of the case in attempt to blame them for plaintiff's injuries); *Groves v. Compton*, 280 S.E.2d 708, 712 (W. Va. 1981) (error for defense counsel to state reason why third party was not brought into lawsuit). Indeed, the Supreme Court of Appeals has been clear that it is "improper for counsel to make arguments to the jury regarding a party's omission from a lawsuit or suggesting that the absent party is solely responsible for the plaintiff's injury where the evidence establishing the absent party's liability has not been fully developed." Syl. Pt. 2, Doe, *supra*.

   Plaintiff anticipates that one or more of the Defendants in this case may attempt to argue that other parties bear responsibility for the calls and any resulting damages. However, now that the Court has stricken Defendants' defenses and pleadings (ECF Nos. 202, 207), Defendants are precluded from any argument rebutting the allegations in the Second Amended Complaint, including the allegation that they were operating in joint enterprise and as alter egos of one another under continuously shifting façade entities through which they funnel and hide assets. Having obstructed discovery and prevented Ms. Mey from discovering their interrelationships, Defendants have foregone the right to make any "not us" argument before the jury.

   For the same reason, Defendants are foreclosed from arguing that any outside parties (including but not limited to Bruyette and Associates) are to blame for the calls. Defendants have refused to produce documents requested in discovery which would link them to the calling companies. Defendants, of course, would be vicariously liable for the disputed calls in any event. Moreover, the actions or inactions of other individuals and entities that are not parties in this case are not at issue, have not been fully developed, and cannot be characterized as a superseding cause that absolves the named Defendants herein. *See* Syl. pt. 2, Doe; *see also Rowe*

*v. Sisters of Pallottine Missionary Society*, 560 S.E.2d 491, 500 (W. Va. 2001) ("in the absence of substantial evidence, an attorney cannot make an 'empty chair' argument and blame an absent tortfeasor for a plaintiff's injury").

Plaintiff respectfully requests that this Court enter an Order prohibiting Defendants from introducing evidence or testimony or advancing any argument that improperly blames other entities or individuals for conduct which allegedly caused the Plaintiff's damages.

> Respectfully submitted,
> **DIANA MEY,**
> By Counsel,

 */s/ Sharon F. Iskra*
John W. Barrett (WV Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
Sharon F. Iskra (WV Bar No. 6582)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DIANA MEY,**

      **Plaintiff,**

**v.**                                                                 Civil Action No. 5:19-cv-185

**CASTLE LAW GROUP, PC,**
A Tennessee Corporation;
**JUDSON PHILLIPS, ESQ.,**
an individual;
**CASTLE VENTURE GROUP, LLC,**
A Tennessee limited liability company;
**CASTLE EQUITY GROUP, INC.,**
A Tennessee corporation;
**CASTLE PARTNERS INC.,**
A Tennessee corporation;
**CASTLE MARKETING GROUP, LLC,**
A Tennessee limited liability company;

**TRISTAR CONSUMER GROUP,**
A Tennessee Corporation;
**MUSIC CITY VENTURES, INC.,**
A Tennessee Corporation;
**TRISTAR CONSUMER LAW,**
A Tennessee Corporation;
**TRISTAR CONSUMER LAW ORGANIZATION;**
A Tennessee Corporation;
**AMERICAN CONSUMER RIGHTS ORGANIZATION;**
A Tennessee Corporation;
**ADVOCUS LEGAL, INC.;**
A Tennessee Corporation;
**TRISTAR CONSUMER LAW FOUNDATION,**
A Tennessee Corporation;
**CAPITAL COMPLIANCE GROUP, CO.,**
A Tennessee Corporation;
**CAPITAL COMPLIANCE GROUP, INC.,**
A Tennessee Corporation;
**CAPITAL RECOVERY LAW, PC.,**
A Tennessee Corporation;
**ADVOCUS LEGAL ORGANIZATION,**
A Tennessee Corporation;

8

**US CONSUMER ADVOCATES,**
**A Tennessee Corporation;**
**THACKER AND ASSOCIATES INTERNATIONAL,**
**LLC, a foreign limited liability company;**

**BRUYETTE AND ASSOCIATES, LLC,**
**A Florida Corporation;**

**SEAN AUSTIN, an individual;**
**WILLIAM MICHAEL KEEVER, an individual;**
**ASHLEY R. KEEVER, an individual;**
**STEVE HUFFMAN, an individual;**
**JOHN PRESTON THOMPSON, an individual;**
**And JOHN DOES 1-10, corporate entities and**
**individuals presently unknown,**

    **Defendants.**

## CERTIFICATE OF SERVICE

  I, Sharon F. Iskra, hereby certify that on January 31, 2022, I served a true and correct copy of "*Plaintiff's Omnibus Motions in Limine*" was filed with the Clerk of Court using the CM/ECF System and a true and accurate copy was served upon the following parties:

      Paul J. Harris
      Harris Law Offices
      PO Box 1200
      Fifteenth & Eoff Streets
      Wheeling, WV 26003


      */s/ Sharon F. Iskra*