IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY,**

        Plaintiff,

v.                                                                    CIVIL ACTION NO. 5:19-CV-185
                                                                                        Judge Bailey

**CASTLE LAW GROUP, PC**, a
Tennessee Corporation, **JUDSON
PHILLIPS,** Esq., an individual,
**CASTLE VENTURE GROUP, LLC,**
a Tennessee limited liability company,
**CASTLE EQUITY GROUP,
INC.**, a Tennessee Corporation,
**CASTLE PARTNERS INC.**, a
Tennessee Corporation,
**TRISTAR CONSUMER GROUP,** a
Tennessee Corporation, **MUSIC
CITY VENTURES, INC.,** a
Tennessee Corporation,
**CAPITAL COMPLIANCE GROUP, CO.,**
a Tennessee Corporation, **ADVOCUS
LEGAL ORGANIZATION,** a Tennessee
Corporation, **US CONSUMER
ADVOCATES,** a Tennessee Corporation,
**THACKER AND ASSOCIATES
INTERNATIONAL, LLC,** a foreign
limited liability company, **BRUYETTE
AND ASSOCIATES, LLC**, a Florida
Corporation, **WILLIAM MICHAEL
KEEVER,** an individual, **ASHLEY R.
KEEVER,** an individual, **STEVE
HUFFMAN,** an individual, **JOHN
PRESTON THOMPSON,** an individual, and
**JOHN DOES 1-10**, corporate entities
and individuals presently unknown**,**

        Defendants.

## **ORDER ON MOTIONS *IN LIMINE***

Pending before this Court is Plaintiff's Omnibus Motions *in Limine*, which contains four motions:

1. Plaintiff's Motion *in Limine* No. 1: Evidence or Testimony Suggesting Plaintiff Did Not Suffer Any Subjective Harm, Confusion, Annoyance, Harassment, or Abuse.

2. Plaintiff's Motion *in Limine* No. 2: Evidence or Testimony Characterizing Plaintiff as a "Professional Plaintiff" or Evidence of Prior Consumer Protection Cases Plaintiff Has Litigated.

3. Plaintiff's Motion *in Limine* No. 3: Evidence or Testimony Suggesting Defendants' Calls were not "Unwelcome" or were Otherwise Invited or Encouraged by Plaintiff.

4. Plaintiff's Motion *in Limine* No. 4: Evidence or Testimony Regarding Nonparty Responsibility for Events Giving Rise to This Cause of Action and Resulting Damages.

Each of the Motions seeks to exclude the named evidence at trial. The Motions have been fully briefed and are ripe for decision.

**1.    Plaintiff's Motion *in Limine* No. 1: Evidence or Testimony Suggesting Plaintiff Did Not Suffer Any Subjective Harm, Confusion, Annoyance, Harassment, or Abuse.**

**GRANTED**. Defendants may not present evidence or testimony suggesting plaintiff did not suffer subjective harm, confusion, annoyance, harassment, or abuse.

2.  **Plaintiff's Motion *in Limine* No. 2: Evidence or Testimony Characterizing Plaintiff as a "Professional Plaintiff" or Evidence of Prior Consumer Protection Cases Plaintiff Has Litigated.**

    **GRANTED.** Plaintiff's prior lawsuits are not relevant and defendants may not raise them.

3.  **Plaintiff's Motion *in Limine* No. 3: Evidence or Testimony Suggesting Defendants' Calls were not "Unwelcome" or were Otherwise Invited or Encouraged by Plaintiff.**

    **GRANTED.** Defendants may not present evidence that plaintiff "welcomed" or otherwise consented to the calls at issue.

4.  **Plaintiff's Motion *in Limine* No. 4: Evidence or Testimony Regarding Nonparty Responsibility for Events Giving Rise to This Cause of Action and Resulting Damages.**

    **GRANTED.** As set forth in this Court's Order granting default judgment, joint and several liability, defendants may still be held jointly and severally liable because plaintiff has established that defendants acted in joint enterprise and as alter egos of one another. Defendants may not present evidence or argument that outside parties are responsible for the calls.

As set forth above, Plaintiff's Omnibus Motions *in Limine* [**Doc. 216**] is hereby **GRANTED**.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to all counsel on record.

DATED: April 5, 2022.



JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE