**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DIANA MEY,**

      **Plaintiff,**

**v.**                                              **Civil Action No. 5:19-cv-185**

**CASTLE LAW GROUP, PC,**
**A Tennessee Corporation;**
**JUDSON PHILLIPS, ESQ.,**
**an individual;**
**CASTLE VENTURE GROUP, LLC,**
**A Tennessee limited liability company;**
**CASTLE EQUITY GROUP, INC.,**
**A Tennessee corporation;**
**CASTLE PARTNERS INC.,**
**A Tennessee corporation;**
**CASTLE MARKETING GROUP, LLC,**
**A Tennessee limited liability company;**

**TRISTAR CONSUMER GROUP,**
**A Tennessee Corporation;**
**MUSIC CITY VENTURES, INC.,**
**A Tennessee Corporation;**
**TRISTAR CONSUMER LAW,**
**A Tennessee Corporation;**
**TRISTAR CONSUMER LAW ORGANIZATION;**
**A Tennessee Corporation;**
**AMERICAN CONSUMER RIGHTS ORGANIZATION;**
**A Tennessee Corporation;**
**ADVOCUS LEGAL, INC.;**
**A Tennessee Corporation;**
**TRISTAR CONSUMER LAW FOUNDATION,**
**A Tennessee Corporation;**
**CAPITAL COMPLIANCE GROUP, CO.,**
**A Tennessee Corporation;**
**CAPITAL COMPLIANCE GROUP, INC.,**
**A Tennessee Corporation;**
**CAPITAL RECOVERY LAW, PC.,**
**A Tennessee Corporation;**
**ADVOCUS LEGAL ORGANIZATION,**
**A Tennessee Corporation;**

**US CONSUMER ADVOCATES,**
**A Tennessee Corporation;**
**THACKER AND ASSOCIATES INTERNATIONAL,**
**LLC, a foreign limited liability company;**

**BRUYETTE AND ASSOCIATES, LLC,**
**A Florida Corporation;**

**WILLIAM MICHAEL KEEVER, an individual;**
**ASHLEY R. KEEVER, an individual;**
**STEVE HUFFMAN, an individual;**
**JOHN PRESTON THOMPSON, an individual;**
**And JOHN DOES 1-10, corporate entities and**
**individuals presently unknown,**

            **Defendants.**

**PLAINTIFF'S SUPPLEMENTAL AUTHORITY REGARDING THE**
**RIGHT TO A JURY TRIAL POST-DEFAULT JUDGMENT**

Having entered default judgment against Defendants, this Court is empowered to hold a bench trial, rather than a jury trial, to determine the sole issue of damages. Entry of default precludes a trial on the merits, and several Circuit Courts of Appeals have held that there is no constitutional right to a jury trial following entry of default. The Tenth Circuit explicitly held as much in *Olcott v. Delaware Flood Company*, 327 F.3d 1115, 1124 (10th Cir. 2003). The Tenth Circuit based its holding on similar conclusions reached by other Circuit Courts. *Id.* (citing *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l., Inc.*, 982 F.2d 686, 692 (1st Cir. 1993) ("Following the entry of default under Fed. R. Civ. P. 37(b)(2), a party does not have a right to a jury trial under either Fed. R. Civ. P. 55(b)(2) or the Seventh Amendment.") (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990))); *see also Dierschke v. O'Cheskey*, 975 F.2d 181, 185 (5th Cir. 1992) ("[I]n a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages.").

The Fourth Circuit implicitly agrees with this stance, as it has recognized that default judgment represents in effect "an infringement upon a party's right to trial by jury under the Seventh Amendment." *Wilson v. Volkswagen of Am.*, Inc., 561 F.2d 494, 503–04 (4th Cir. 1977). While the lower court in *Wilson* did submit the issue of damages to a jury following its entry of default, this does not preclude the Court from exercising its sound discretion to proceed with a bench trial here.

Courts entering default pursuant to Federal Rule of Civil Procedure 37(b)(2) look to Federal Rule 55 for guidance with respect to the procedures specific to default judgment. Specifically, Rule 55(b)(2) authorizes the district court to conduct an evidentiary hearing to determine the amount of damages. However, as the Tenth Circuit pointed out in *Olcott*, "[t]he Rule does not contain an inherent jury requirement, but preserves the right to a jury 'when and as required by any statute of the United States.'" 327 F.3d at 1124 (quoting Fed. R. Civ. P. 55(b)(2)). Taking this into consideration, the Tenth Circuit went on to find in *Olcott* that, while the defendants "*would have* been entitled to a jury at a trial on the merits of Plaintiff's legal claims," the District Court's "set-off hearing was not a trial on the merits of these claims." *Id.* (emphasis added). "Instead the district court held the hearing *following* its entry of default for Defendants' willful discovery violations." *Id.* (emphasis added). Having determined that the defendants did not have a constitutional right to a jury trial following entry of default, the Tenth Circuit found that the district court did not err in conducting its post-default set-off hearing to determine the amount of damages owed to plaintiff without a jury.

Accordingly, rather than conduct a jury trial, under Federal Rule of Civil Procedure 55(b)(2), the court may simply conduct hearings when, to enter or effectuate default judgment, it needs to determine the amount of damages. *See Celtig, LLC v. Patey*, No. 2:17-CV-01086-JNP,

3

2021 WL 268944, at *3 (D. Utah Jan. 27, 2021) ("Accordingly, the Court now grants Plaintiff's Motion for Default Judgment and will hold a hearing on the issue of damages.").

Pursuant to Federal Rule of Civil Procedure 55, the Northern District of West Virginia has previously entered default judgment and subsequently held a bench trial to determine the sole remaining issue of damages. *Smith v. Millers Elec. Co.*, No. 3:15-CV-32, 2017 WL 10398221, at *2 (N.D.W. Va. June 12, 2017). Federal Courts entering default as a Rule 37(b)(2) sanction routinely look to Rule 55 to dictate the procedures of default judgment. So too should this Court in converting this trial to a bench trial where Plaintiff will present evidence regarding the full amount of damages to which she is entitled, further breaking down the evidence she presented in her Memorandum of Law in Support of Renewed Omnibus Motion for Sanctions and Request for Entry of Default Judgment. Dkt 238.

While at least one court has explained that the decision to enter default on the issue of liability and move forward with a jury trial with separate verdicts on liability and on damages, is to provide "a complete record for disposition of [a] case on an appeal," *Bollard v. Volkswagen of Am., Inc.*, 56 F.R.D. 569, 587 (W.D. Mo. 1971), here the record is already replete with evidence of Defendants' countless discovery violations, this Court's reasoning for entering various sanctions against Defendants for their misconduct, and this Court's determination that the sole issue remaining for trial is damages. There is no reason why the record might not be complete in the event of appeal if the Court were to order a bench trial.

Respectfully submitted,
**DIANA MEY,**
By Counsel,

 */s/ Sharon F. Iskra*
John W. Barrett (WV Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
Sharon F. Iskra (WV Bar No. 6582)

BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DIANA MEY,**

        **Plaintiff,**

**v.**                                                                 **Civil Action No. 5:19-cv-185**

**CASTLE LAW GROUP, PC,**
**A Tennessee Corporation;**
**JUDSON PHILLIPS, ESQ.,**
**an individual;**
**CASTLE VENTURE GROUP, LLC,**
**A Tennessee limited liability company;**
**CASTLE EQUITY GROUP, INC.,**
**A Tennessee corporation;**
**CASTLE PARTNERS INC.,**
**A Tennessee corporation;**
**CASTLE MARKETING GROUP, LLC,**
**A Tennessee limited liability company;**

**TRISTAR CONSUMER GROUP,**
**A Tennessee Corporation;**
**MUSIC CITY VENTURES, INC.,**
**A Tennessee Corporation;**
**TRISTAR CONSUMER LAW,**
**A Tennessee Corporation;**
**TRISTAR CONSUMER LAW ORGANIZATION;**
**A Tennessee Corporation;**
**AMERICAN CONSUMER RIGHTS ORGANIZATION;**
**A Tennessee Corporation;**
**ADVOCUS LEGAL, INC.;**
**A Tennessee Corporation;**
**TRISTAR CONSUMER LAW FOUNDATION,**
**A Tennessee Corporation;**
**CAPITAL COMPLIANCE GROUP, CO.,**
**A Tennessee Corporation;**
**CAPITAL COMPLIANCE GROUP, INC.,**
**A Tennessee Corporation;**
**CAPITAL RECOVERY LAW, PC.,**
**A Tennessee Corporation;**
**ADVOCUS LEGAL ORGANIZATION,**
**A Tennessee Corporation;**

**US CONSUMER ADVOCATES,**
**A Tennessee Corporation;**
**THACKER AND ASSOCIATES INTERNATIONAL,**
**LLC, a foreign limited liability company;**

**BRUYETTE AND ASSOCIATES, LLC,**
**A Florida Corporation;**

**WILLIAM MICHAEL KEEVER, an individual;**
**ASHLEY R. KEEVER, an individual;**
**STEVE HUFFMAN, an individual;**
**JOHN PRESTON THOMPSON, an individual;**
**And JOHN DOES 1-10, corporate entities and**
**individuals presently unknown,**

        **Defendants.**

## CERTIFICATE OF SERVICE

       I, Sharon F. Iskra, hereby certify that on April 25, 2022, I served a true and correct copy of "***Plaintiff's Supplemental Authority Regarding the Right to a Jury Trial Post-Default Judgment***" was filed with the Clerk of Court using the CM/ECF System and a true and accurate copy was served upon the following parties:

          Paul J. Harris
          Harris Law Offices
          PO Box 1200
          Fifteenth & Eoff Streets
          Wheeling, WV 26003

              */s/ Sharon F. Iskra*