IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY,
  Plaintiff,

v.

CASTLE LAW GROUP, PC,
A Tennessee Corporation;
JUDSON PHILLIPS, ESQ.,
An individual;
CASTLE VENTURE GROUP, LLC,
A Tennessee Limited Liability Company
CASTLE EQUITY GROUP, INC.,
A Tennessee Corporation;
CASTLE PARTNERS, INC.,
A Tennessee Corporation;
CASTLE MARKETING GROUP, LLC,
A Tennessee Limited Liability Company;
TRISTAR CONSUMER GROUP,
A Tennessee Corporation;
MUSIC CITY VENTURES, INC.,
A Tennessee Corporation;
TRISTAR CONSUMER LAW,
A Tennessee Corporation;
TRISTAR CONSUMER LAW ORGANIZATION;
A Tennessee Corporation;
AMERICAN CONSUMER RIGHTS ORGANIZATION;
A Tennessee Corporation;
ADVOCUS LEGAL, INC;
A Tennessee Corporation;
TRISTAR CONSUMER LAW FOUNDATION,
A Tennessee Corporation;
CAPITAL COMPLIANCE GROUP, CO.,
A Tennessee Corporation;
CAPITAL COMPLIANCE GROUP, INC.,
A Tennessee Corporation;
CAPITAL RECOVERY LAW, PC,
A Tennessee Corporation;
ADVOCUS LEGAL ORGANIZATION,

Civil Action No. 5:19-CV-185

1

A Tennessee Corporation;
**US CONSUMER ADVOCATES,**
A Tennessee Corporation;
**THACKER AND ASSOCIATES INTERNATIONAL, LLC,**
A Foreign Limited Liability Company;
**BRUYETTE AND ASSOCIATES, LLC,**
A Florida Corporation;
**SEAN AUSTIN,** an individual;
**WILLIAM MICHAEL KEEVER,** an individual;
**ASHLEY R. KEEVER,** an individual;
**STEVE HUFFMAN,** an individual;
**JOHN PRESTON THOMPSON,** an individual;
And **JOHN DOES 1-10,** corporate entities and individuals presently unknown,

     **Defendants.**

## DEFENDANTS STEVE HUFFMAN, JOHN PRESTON THOMPSON, AND MUSIC CITY VENTURES' OBJECTION TO PLAINTIFF'S PETITION FOR ATTORNEY FEES [DOC 274]

  COME NOW Defendants Steve Huffman, John Preston Thompson, and Music City Ventures, by counsel, and files this objection to Plaintiff's petition for attorney fees [Doc 274]:

1) As an initial matter, Plaintiff has missed the deadline in pursuing any claim for attorney fees as this Honorable Court permitted 21 days "from the date of this Order in which to file a petition." [Doc 272, p. 15]. Twenty-one days from July 5, 2022 is July 25, 2022, not July 26, 2022. It is believed that Plaintiff did not count the day of the Order despite the clear language saying "from the date of this Order."

2) Named Defendants vehemently dispute that Plaintiff is entitled to any attorney fees and the TCPA does not provide for an award of attorney fees.

3) The TCPA does not provide for fee-shifting, and by implication, follows the American Rule where all parties bear their own attorney fees:

> (3) Private right of action
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3)(A)-(C).

4) Plaintiff is a serial litigant and often brings TCPA cases and so this matter is not novel or in need of specialized knowledge or research.[1] In other words, the pleadings were easily recycled from prior cases. At this point, upon the admission by Plaintiff's

---

[1] A simple Westlaw search has the following cases brought by Plaintiff: *Mey v. Monitronics Intern, Inc.*, 959 F.Supp. 2d 927 (WVND, 2013), attorney Jonathan Marshall listed as attorney for Plaintiff; *Mey v. Herbalife Intern, Inc.*, 2003 WL 23571253 (WVND, 2003); *Mey v. Venture Data, LLC*, 245 F.Supp.3d 771 (WVND 2017), Jonathan Marshall listed as attorney for Plaintiff; *Mey v. Honeywell Intern, Inc.*, 2013 WL 1337295 (WVSD 2013), Jonathan Marshall listed as attorney for Plaintiff; *Mey v. DirecTV, LLC*, 2021 WL 6882400 (WVND 2021), Jonathan Marshall and Sharon Iskra listed as attorneys for Plaintiff; *Mey v. Got Warranty, Inc.*, 193 F.Supp.3d 641 (WVND 2016), Jonathan Marshall listed as counsel for Plaintiff; *Mey v. Patriot Payment Group, LLC*, 2016 WL 11501450 (WVND 2016), Jonathan Marshall listed as counsel for Plaintiff; *Mey v. All Access Telecom, Inc.*, 2021 WL 8892196 (WVND 2021), Jonathan Marshall listed as counsel for Plaintiff; *Mey v. Pinnacle Sec., LLC*, 2012 WL 4009718 (WVND 2012); *Mey v. North American Bancard, LLC*, 655 Fed.Appx. 332 (6th Cir. 2016), Plaintiff represented by an attorney at Bailey & Glasser; *Mey v. Medguard Alert, Inc.*, 2020 WL 1258639 (WVND, 2020); *Mey v. Pep Boys-Manny, Moe & Jack*, 228 W.Va. 48 (2011), Jonathan Marshall listed as counsel for Plaintiff.

3

counsel that they have handled similar cases brought by Plaintiff in the past, this is not a novel case needing extensive knowledge, research, or work. In fact, Plaintiff likely does most of the work herself, including providing advice to others and seeking referrals from people through her reinstated website. See Exhibit 1.

5) Plaintiff protracted the litigation by amending the complaint multiple times [Doc 1 (Notice of Removal with State Court Documents), Doc 59 (First Amended Complaint), Doc 63 (Second Amended Complaint)]. Plaintiff filed many unnecessary pleadings, including duplicative discovery requests. For example, entries on Doc 274-1, p. 6 shows that counsel for Plaintiff drafted a supplemental motion to compel one day prior to conferring with counsel for Defendant regarding discovery disputes. In other words, counsel for Plaintiff did not act in good faith in drafting the motion to compel prior to the meet and confer requirement. There are also entries on the time sheets relating to defendants not herein named. See Doc 274-1. pp. 8, 10 for example.

6) Plaintiff's attorney fees are excessive. For example, $200 per hour for paralegal work is outrageous in so far as it exceeds the public reimbursement rate for an attorney practicing as a court appointed attorney in the Northern District. As of 2022 an attorney makes $158 for court-appointed criminal work and a paralegal makes between $55-75 per hour depending on education. A paralegal should not be permitted to have a billable rate higher than an attorney.

7) Plaintiff sued 35 defendants. Plaintiff admits that none of the defendants responding to this motion identified themselves as making any of the calls. See Exhibit 2, transcript of Diana Mey deposition.

8) Counsel for Plaintiff similarly admits that they do not know who made the purported calls at issue: "[f]rom the beginning, there was a substantial likelihood that counsel would be unable to identify (or serve) responsible parties, recovering nothing for their time." [Doc 274, p. 14]. The only reason why Plaintiff has zeroed in on the named defendants is because they are the ones she was able to serve with process.

9) Plaintiff argues that significant time was needed to unravel a scheme perpetrated by herein-named defendants, when in fact, Plaintiff had no idea who made the purported calls to her. See attached Exhibit 2, deposition of Diana Mey. Plaintiff has proven nothing in a case that was vigorously defended by herein-named defendants. Again, the fact that Plaintiff sued 35 defendants but only focused on six shows the utter uncertainty of her claims.

10) Because Plaintiff still cannot say who made the purported calls at issue, any legal fees should be divided by 35 (the amount of the defendants) because if attorney fees are warranted, it should be born equally by each defendant. It is reasonable to find that all of the purported work performed by Plaintiff's attorney was born equally against each of the Defendants.

11) The United States District Court for the Southern District of West Virginia held that "[u]nder the WVCCPA, if a single act gives rise to multiple violations of the WVCCPA, only one recovery is available." *Judy v. JK Harris & Co*, 2:10-cv-01276 (SDWV, September 27, 2011).

12) Counsel for Plaintiff seeks $448,595.00 on an award of $558,801.36 (WV claims portion)

5

13) While the actual fee agreement is not attached to Plaintiff's brief, Plaintiff admits it was a contingency fee agreement.[2] As such, hourly fees are inapplicable, and at most, Plaintiff's counsel should be awarded 40% of the WVCCPA award by the Court ($223,520.54). That amount should then be divided by 35, the total amount of defendants resulting in each defendant paying $6,386.30.

14) Also in the alternative, the ratio of the award by the Court is 67.4% for the West Virginia claims, and 32.6% for the federal claims. Because the TCPA does not permit attorney's fees, the hourly amount must be reduced in proportion to the award. As such, a ratio of 67.4% should be taken from the purported hourly fee amount of $448,595.00 (see p. 14 of Doc 274) for the amount of $302,353.03 as the amount of attorney's fees for just the WV claims. Defendants argue that amount should similarly be divided by 35 (the number of defendants sued) for a total of $8,638.66 per defendant.

15) Plaintiff's counsel block-billed which is not permitted because it is not adequately detailed for Defendants to be able lodge proper objections. Presumably the work was done for other defendants, and the herein named defendants should not be penalized for work done for other defendants (ex. attempting to serve another defendant, motions to extend time to serve other defendants, etc.).

16) It appears that counsel for Plaintiff billed at an attorney rate, items that were secretarial in nature, thus requiring a lower billed rate. For example, there are several line items relating to budget creation and editing. Budgeting has nothing to do with

---

[2] Plaintiff should not be able to obtain any legal fees without giving Defendants the benefit of reviewing the fee agreement at issue.

6

pursuing a litigated case and those secretarial tasks should not be passed on to Defendants.

17) The attorney billed rates may be reasonable for Charleston, West Virginia attorneys because that area is a metropolitan area with more people. However, those rates are not reasonable for the Northern District as Wheeling has less people and are unable to charge those types of rates. For example, most attorneys in Wheeling charge $300 per hour or less, not $450 per hour as Plaintiff's counsel suggests (see p. 14 of Doc 274). Most paralegals are billed at the rate of $50-$75 in Wheeling.

18) Plaintiff's reliance on the Laffey Matrix is similarly misplaced in so far as that matrix is used to compensate legal work in the District of Columbia area, and not West Virginia. Of course lawyers and paralegals are able to charge more for services in the DC metro area where the population and wealth is high. West Virginia does not support such exorbitant billable rates. The Fourth Circuit held similarly in *Grissom v. Mills Corp.*, 549 F.3d 313, 323 (2008) when it stated: "[m]oreover, the Laffey Matrix is also insufficient to carry Plaintiff's burden of proof. First, Plaintiff has provided no evidence that the Laffey Matrix, which pertains to hourly rates of litigation attorneys in Washington, D.C., is a reliable indicator of the hourly rates of litigation attorneys in Reston, Virginia, a suburb of Washington, D.C."

19) Plaintiff used affidavits from attorneys practicing mainly in Charleston, West Virginia and not ones who practice mainly in the Northern District.

20) Much was made in the Court's Order [Doc 272] that no counter-affidavits were provided regarding the telephone calls at issue. That is because the discovery

responses by the herein named Defendants, signed under oath, stated that no calls were made to Plaintiff. See combined Exhibit 3.

WHEREFORE, herein named Defendants respectfully request Plaintiff's petition for attorney fees be denied in its entirety [Doc 274].

                Defendants Steve Huffman,
                John Preston Thompson, and
                Music City Ventures,
                by counsel,

/s/ Paul J. Harris
Paul J. Harris
WV Bar # 4673
32 Fifteenth Street
Wheeling, WV 26003
304.232.5300

Case 5:19-cv-00185-JPB-JPM Document 276 Filed 08/01/22 Page 9 of 10 PageID #: 3924

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY,
   Plaintiff,

v.

CASTLE LAW GROUP, PC,
A Tennessee Corporation;
JUDSON PHILLIPS, ESQ.,
An individual;
CASTLE VENTURE GROUP, LLC,
A Tennessee Limited Liability Company
CASTLE EQUITY GROUP, INC.,
A Tennessee Corporation;
CASTLE PARTNERS, INC.,
A Tennessee Corporation;
CASTLE MARKETING GROUP, LLC,
A Tennessee Limited Liability Company;
TRISTAR CONSUMER GROUP,
A Tennessee Corporation;
MUSIC CITY VENTURES, INC.,
A Tennessee Corporation;
TRISTAR CONSUMER LAW,
A Tennessee Corporation;
TRISTAR CONSUMER LAW ORGANIZATION;
A Tennessee Corporation;
AMERICAN CONSUMER RIGHTS ORGANIZATION;
A Tennessee Corporation;
ADVOCUS LEGAL, INC;
A Tennessee Corporation;
TRISTAR CONSUMER LAW FOUNDATION,
A Tennessee Corporation;
CAPITAL COMPLIANCE GROUP, CO.,
A Tennessee Corporation;
CAPITAL COMPLIANCE GROUP, INC.,
A Tennessee Corporation;
CAPITAL RECOVERY LAW, PC,
A Tennessee Corporation;
ADVOCUS LEGAL ORGANIZATION,
A Tennessee Corporation;
US CONSUMER ADVOCATES,
A Tennessee Corporation;
THACKER AND ASSOCIATES INTERNATIONAL, LLC,

Civil Action No. 5:19-CV-185

A Foreign Limited Liability Company;
BRUYETTE AND ASSOCIATES, LLC,
A Florida Corporation;
SEAN AUSTIN, an individual;
WILLIAM MICHAEL KEEVER, an individual;
ASHLEY R. KEEVER, an individual;
STEVE HUFFMAN, an individual;
JOHN PRESTON THOMPSON, an individual;
And JOHN DOES 1-10, corporate entities and individuals
presently unknown,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify this *Defendants Steve Huffman, John Preston Thompson, and Music City Ventures' Objections to Plaintiff's Petition for Attorney Fees [Doc 274]* was filed via the Court's electronic CM/ECF filing system this 1st day of August, 2022, which will then send notification through the electronic system to the following:

        John W. Barrett, Esq.
        Jonathan R. Marshall, Esq.
        Sharon F. Iskra, Esq.
        Bailey & Glasser, LLP
        209 Capitol Street
        Charleston, WV 25301

        /s/ Paul J. Harris
        Paul J. Harris