# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY,**

      **Plaintiff,**

v.                                                                                          Civil Action No. 5:19-cv-185
                                                                                   Judge Bailey

**CASTLE LAW GROUP, PC,**
**A Tennessee Corporation;**
**JUDSON PHILLIPS, ESQ.,**
**an individual;**
**CASTLE VENTURE GROUP, LLC,**
**A Tennessee limited liability company;**
**CASTLE EQUITY GROUP, INC.,**
**A Tennessee corporation;**
**CASTLE PARTNERS INC.,**
**A Tennessee corporation;**
**TRISTAR CONSUMER GROUP,**
**A Tennessee Corporation;**
**MUSIC CITY VENTURES, INC.,**
**A Tennessee Corporation;**
**CAPITAL COMPLIANCE GROUP, CO.,**
**A Tennessee Corporation;**
**ADVOCUS LEGAL ORGANIZATION,**
**A Tennessee Corporation;**
**US CONSUMER ADVOCATES,**
**A Tennessee Corporation;**
**THACKER AND ASSOCIATES INTERNATIONAL,**
**LLC, a foreign limited liability company;**
**BRUYETTE AND ASSOCIATES, LLC,**
**A Florida Corporation;**
**WILLIAM MICHAEL KEEVER, an individual;**
**ASHLEY R. KEEVER, an individual;**
**STEVE HUFFMAN, an individual;**
**JOHN PRESTON THOMPSON, an individual;**

**And JOHN DOES 1-10, corporate entities and**
**individuals presently unknown,**

      **Defendants.**

**PLAINTIFF'S OMNIBUS REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS [DOCS. 275 & 276]**

Pursuant to the Court's Order of July 5, 2022, Plaintiff's counsel submitted her Petition for Attorney Fees and Costs. [Docs. 272, 274]. Defendants Judson Phillips and Capital Compliance Group, CO and Defendants Huffman, Thompson and Music City Ventures filed separate yet identical objections on August 1, 2022. [Docs. 275, 276]. Plaintiff addresses both filings in this Omnibus Reply.

Defendants concede, as they must, that the West Virginia Consumer Credit and Protection Act (WVCCPA) gives the Court discretion to consider an award of fees and costs to Ms. Mey as prevailing party. Defendants have failed to demonstrate any reason why the full award should not be granted.[1]

*An award of the full amount of fees is proper*

Defendants first suggest that Ms. Mey is not entitled to *any* attorney's fees because while she obtained penalties under both the WVCCPA and Telephone Consumer Protection Act (TCPA), the latter statute does not provide an independent basis for fees. Defendants then variously argue that fees should be parsed out for each theory of relief, awarded pro rata per defendant, or reduced by percentages. They offer no precedent for these approaches, and their contortions defy good sense here.

As recognized by the Supreme Court, "the most critical factor" in calculating a reasonable fee award is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct.

---

[1] As an initial matter, while Defendants argue that the Petition was late, this is incorrect. The Order directing submission within 21 days was dated July 5, 2022. [Doc. 272]. Federal Rule of Civil Procedure 6 provides that in computing time, "When the period is stated in days…(A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period…". Fed.R.Civ. P. 6(a)(1). Accordingly, Plaintiff's Petition was timely filed on July 26, 2022.

1933, 76 L.Ed.2d 40 (1983); *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). Here, Ms. Mey prevailed on all her claims and secured a judgment exceeding $800,000.00. This supports a full fee award which would be authorized under the WVCCPA alone.

The facts giving rise to the WVCCPA and TCPA violations are the same, and the claims are so inextricably intertwined that is not possible to separate them.[2] In fact, everything Ms. Mey's counsel did to prepare her TCPA claim was also required to advance her WVCCPA claim, including but not limited to her quest to find and serve Defendants; her pursuit of discovery and amendment of pleadings; her responses to Defendants' assorted motions; and her need to seek sanctions and default. As the Fourth Circuit has noted, "When…all claims 'involve a common core of facts…[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Brodziak*, supra at 197; *Plyler v. Evatt*, 902 F.2d 273, 280 (4th Cir. 1990) ("Certainly, where the issues presented…in separate claims involve the same common core of facts or related legal theories, the case 'cannot be viewed as a series of discrete claims. Instead, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.' Ultimately, determinations of relatedness of claims and the quality of overall results are not reached through application of any precise rules or formulae, but rather through an equitable judgment of the district court…").

Notably, the Court could award Ms. Mey attorney fees even if she had not prevailed on all her WVCCPA claims. *Vanderbilt Mortg. and Finance, Inc. v. Cole*, 740 S.E.2d 562, 573 (W. Va. 2013) ("Ms. Cole prevailed on only thirteen of her fifty-seven claims; however, she prevailed, in

---

[2] Defendants puzzlingly reiterate that under the WVCCPA, if a single act gives rise to multiple violations, only one penalty is available. [Doc. 275 p 5]. Plaintiff sought, and the Court awarded, only one penalty per call under the WVCCPA.

3

part, on all four sections of the WVCCPA that she claimed Vanderbilt violated. Neither the WVCCPA nor our case law requires that Ms. Cole prevail on the majority of her claims in order to receive attorney fees…Therefore, we find that the circuit court did not abuse its discretion by awarding attorney fees despite victory on less than half of Ms. Cole's claims.") Accordingly, the fact that the TCPA does not independently provide for fees makes no difference.

Next, as briefed exhaustively in this case, Defendants' conduct predicated both the sanctions and default judgment. The Court specifically noted that Defendants acted in bad faith and that their discovery abuse prejudiced *Ms. Mey*---not the other way around. [Doc. 251 p 5]. The Court struck Defendant's pleadings and defenses such that they are deemed joint enterprises and alter egos of one another as pled in Plaintiff's Second Amended Complaint. [Doc. 202 p 9, 251 p 7]. Allocation pro rata or by percentage among joint enterprises/alter egos, who are treated singularly in the eyes of the law, is unavailing.

Defendants' arguments that counsel for Ms. Mey needlessly increased the fees of this litigation are disingenuous. If Defendants had answered discovery forthrightly, multiple motions to compel, amendments to pleadings, and sanctions-related motions would not have been necessary. Plaintiff's counsel filed omnibus responses to Defendants' duplicative motions (including the instant one) whenever appropriate. The fact that Plaintiff prevailed on these motions further confirms that her positions were not baseless, but correct. Ultimately, Plaintiff's counsel achieved the relief sought for her client without taking a single deposition and without necessity of trial. It is hard to imagine a more judicially efficient result.

### *The fees requested are reasonable*

Defendants' arguments concerning the rates of Ms. Mey's counsel are self-defeating. Their Responses list many of the cases litigated by Bailey Glasser counsel, thereby acknowledging (if

not demonstrating) that her lawyers are experienced consumer litigators. In the same breath, Defendants make the inconsistent argument that these seasoned lawyers should be paid a total of $6,386.30 for four years of their time.

Defendants provide no proof for their subjective assertions that "most attorneys in Wheeling charge $300 per hour or less". Their cry that "West Virginia does not support such exorbitant billable rates" is simply wrong in light of Judge Mazzone's Order from *Mey v. Travel Options* awarding Ms. Iskra $450.00 per hour for a WVCCPA/TCPA claim in Wheeling four years ago, as well as the affidavits of attorneys Anthony Majestro, Matthew Stonestreet, and Jason Causey supporting the rates requested. Defendants likewise provide no support for their claim that "most paralegals are billed at the rate of $50-$75 in Wheeling", once again leaving Plaintiff's verified submission unrebutted by any evidence.

Defendants speculate that Ms. Mey's experienced counsel "easily recycled" pleadings from other matters and that Ms. Mey "likely does most of the work herself". Not only is this inaccurate, but it ignores the difficulties Defendants created by shifting corporate facades, evading service of process, and thwarting discovery, all of which necessitated amendments and relentless motions practice. It also took considerable skill to unearth the relationships and connect the dots among such deceptive parties, and to strategically translate their discovery abuses into the default judgment now in hand. While Defendants claim she is worth less, Ms. Iskra's result demonstrates skill unmatched by Wheeling defense counsel.

Quibbling with Plaintiff's time entries, Defendants chastise Ms. Iskra for allegedly drafting a motion to compel before meeting and conferring. A review of the cited page proves Defendants once again incorrect: *see* entry of 1/4/2020 reflecting Iskra corresponded with Harris regarding deficiencies in supplemental responses; 1/13/2020 reflecting Iskra summarizing deficiencies in

letter to Harris; 1/14/2020 reflecting Iskra began drafting supplemental motion to compel. Defendants argue that counsel "block-billed", but this too is dispelled by a review of the time entries which are incrementally charged and detailed as required by *Bostic v. Am. Gen. Finance, Inc*. 87 F.Supp. 2d 611, 615 (S.D.W. Va. 2000) and *Daly v. Hill*, 790 F.2d 1071, 1080 n.12 (4th Cir. 1986). Defendants say they should not be charged for Plaintiff's efforts serving "other defendants" (unspecified), but Defendants misrepresented their statuses, created multiple sham entities and evaded process. Finally, Defendants argue that counsel's quarterly budgeting of case-specific time and expenses (typically incremented at .1 or .2), is a "secretarial task" not chargeable to them. This unrealistic contention evidences nit-picking by Defendants who can find no other fault with counsel's conservative billing.

Finally, while Defendants argue that Plaintiff misplaced reliance on the *Laffey Matrix*, this too is inaccurate. The Petition cites the *Matrix* as a guide recognized by the Fourth Circuit as a useful starting point to determine fees. [Doc. 274 p 13-14]. Ms. Mey suggests it be used as such here.

Defendants make no argument concerning Plaintiff's request for her expenses and presumably concedes they are reasonable.

*Conclusion*

The futility of Defendants' arguments only confirms why Plaintiff's counsel's requested fees are warranted. In addition to combatting rampant discovery abuse, responding to frivolous arguments like those in Defendants' Responses has indeed forced Plaintiff's counsel to expend considerable resources. Having demonstrated the reasonableness of her fees and expenses under controlling law, Ms. Mey asks that her Petition be granted in full.

                          Respectfully submitted,
                          **DIANA MEY,**
                          By Counsel,

*/s/ Sharon F. Iskra*
John W. Barrett (WV Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
Sharon F. Iskra (WV Bar No. 6582)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY,**

    **Plaintiff,**

**v.**                                                                                                     **Civil Action No. 5:19-cv-185**

**CASTLE LAW GROUP, PC,**
**A Tennessee Corporation;**
**JUDSON PHILLIPS, ESQ.,**
**an individual;**
**CASTLE VENTURE GROUP, LLC,**
**A Tennessee limited liability company;**
**CASTLE EQUITY GROUP, INC.,**
**A Tennessee corporation;**
**CASTLE PARTNERS INC.,**
**A Tennessee corporation;**
**TRISTAR CONSUMER GROUP,**
**A Tennessee Corporation;**
**MUSIC CITY VENTURES, INC.,**
**A Tennessee Corporation;**
**CAPITAL COMPLIANCE GROUP, CO.,**
**A Tennessee Corporation;**
**ADVOCUS LEGAL ORGANIZATION,**
**A Tennessee Corporation;**
**US CONSUMER ADVOCATES,**
**A Tennessee Corporation;**
**THACKER AND ASSOCIATES INTERNATIONAL,**
**LLC, a foreign limited liability company;**
**BRUYETTE AND ASSOCIATES, LLC,**
**A Florida Corporation;**
**WILLIAM MICHAEL KEEVER, an individual;**
**ASHLEY R. KEEVER, an individual;**
**STEVE HUFFMAN, an individual;**
**JOHN PRESTON THOMPSON, an individual;**

**And JOHN DOES 1-10, corporate entities and**
**individuals presently unknown,**

    **Defendants.**

## **CERTIFICATE OF SERVICE**

      I, Sharon F. Iskra, hereby certify that on August 8, 2022, I served a true and correct copy of "***Plaintiff's Omnibus Reply to Defendants' Objections to Plaintiff's Petition for Attorney Fees and Costs [Docs. 275 & 276]***" was filed with the Clerk of Court using the CM/ECF System and a true and accurate copy was served upon the following parties:

                Paul J. Harris
                Harris Law Offices
                PO Box 1200
                Fifteenth & Eoff Streets
                Wheeling, WV 26003

                                          */s/ Sharon F. Iskra*